NOMADS, INC v CITY OF ROMULUS

Docket No. 84606. Submitted January 17, 1986, at Detroit.—Decided February 18, 1986.

Respondents, the City of Romulus and Wayne County, assessed property taxes against petitioner, Nomads, Inc., for the 1983 tax year. After unsuccessfully challenging the assessment before the local board of review, the petitioner filed a petition with the Tax Tribunal. In April, 1984, a motion to amend the petition was filed, requesting the tribunal to consider the 1984 assessment as well as that for 1983. That motion to amend was granted by the tribunal's hearing officer in May, 1984. A subsequent motion to amend was filed in September, 1984, seeking a refund of taxes paid in August, 1984. A different hearing officer denied the motion on the basis that petitioner had failed to file prior to June 30, 1984. That hearing officer also vacated the earlier order to the extent that it added the 1984 assessment. Petitioner appealed by leave granted. *Held:*

A taxpayer, once having filed a petition challenging an allegedly unlawful assessment, may thereafter amend the petition to include unlawful assessments made in subsequent years. While petitioner's April, 1984, motion to amend was ambiguous, the May, 1984, order clearly acted as an amendment of the petition to include the 1984 assessment. The petitioner thereafter justifiably relied on that order. Fundamental fairness requires the Tax Tribunal to include the challenge to the 1984 assessment in the amendment to the 1983 matter.

Reversed and remanded.

TAXATION — TAX TRIBUNAL — AMENDMENT OF PETITION.

A taxpayer, once having filed a petition with the Tax Tribunal challenging an allegedly unlawful assessment, may thereafter amend the petition to include unlawful assessments made in subsequent years; in each case the petition or amendment is to

REFERENCES

Am Jur 2d, State and Local Taxation §§ 1059 *et seq.*

Standing of one taxpayer to complain of underassessment or nonassessment of property of another for state and local taxation. 9 ALR4th 428.

be filed not later than June 30 of the tax year involved (MCL 205.735[2], 205.737[4]; MSA 7.650[35][2], 7.650.[37][4]).

*Fischer, Franklin, Ford, Simon & Hogg* (by *William J. Oldani),* for petitioner.

*John D. O'Hair,* Corporation Counsel, and *Robert G. Schuch* and *Richard G. Stanley,* Assistants Corporation Counsel, for Wayne County.

Before: D. F. WALSH, P.J., and CYNAR and N. J. KAUFMAN,* JJ.

CYNAR, J. Petitioner appeals by leave granted from an order of the Michigan Tax Tribunal. The order vacated a prior order in which the Michigan Tax Tribunal had granted petitioner's motion to amend its 1983 tax year assessment appeal to include the 1984 tax assessment.

This dispute arose after respondents assessed petitioner for property otherwise exempt from ad valorem property taxation. MCL 211.181; MSA 7.7(5). After unsuccessfully challenging the assessment before the local board of review, petitioner filed a petition with the tribunal in April, 1983. The first motion to amend was filed on November 14, 1983, and requested a refund of taxes paid pursuant to the tax statement of July 1, 1983, based on a 1983 tax assessment.

A second motion to amend the petition was filed on April 27, 1984. The petition itself is somewhat confusing and refers to the 1983 winter tax bill as based on or identified with a 1984 tax assessment. However, the affidavit in support of the petition requested the tribunal to determine in a single proceeding the propriety of all taxes based on the

* Retired Court of Appeals judge, sitting on the Court of Appeals by assignment.

1983 and 1984 tax assessments. In addition, a copy of the board of review's decision denying relief to petitioner for, presumably, the 1984 tax assessment was attached to the motion. On May 16, 1984, Tribunal Hearing Officer Lloyd issued the following order granting petitioner's motion:

"In this cause, Petitioner having filed a Motion to Amend to include the year 1984 in the assessment appeal for 1983, and an answer thereto having been filed, and due consideration having been had by the Tribunal, and

"It appearing to the Tribunal that the requested amendment is proper pursuant to Section 37 of the Tax Tribunal Act, therefore

"IT IS ORDERED that the Motion to Amend be and is hereby GRANTED."

After paying its 1984 summer taxes in September, 1984, petitioner filed a third motion to amend its petition to include a request for a refund of its 1984 summer taxes. On November 2, 1984, Tribunal Hearing Officer Miller entered an order denying petitioner's motion on the basis that the tribunal lacked jurisdiction because the petitioner had failed to file its challenge to the 1984 assessment on or before June 30, 1984, as required by MCL 205.737(4); MSA 7.650(37)(4). On reconsideration and without any hearing or notice, Hearing Officer Miller found the May 16, 1984, order of Hearing Officer Lloyd erroneous to the extent that it added the 1984 assessment. According to Hearing Officer Miller, petitioner's second motion to amend did not challenge the 1984 tax assessment but only sought a refund of the 1983 winter taxes paid in February, 1984; hence, she vacated the order.

On appeal, petitioner claims that the Tax Tribunal erred in concluding that it was without jurisdiction to determine the legality of the 1984 tax

assessment. In light of the facts in the instant case, we agree.

MCL 205.737(4); MSA 7.650(37)(4) provides that once a taxpayer has filed a petition challenging an allegedly unlawful assessment, the petition may be amended in the manner prescribed by § 35(2) to include unlawful assessments made in subsequent years. MCL 205.735(2); MSA 7.650(35)(2) requires filing of the petition, or, in this case, the amendment, not later than June 30 of the tax year involved.

Petitioner filed its second motion to amend in April, 1984. While admittedly the petition is ambiguous and fails to precisely challenge the 1984 assessment, Hearing Officer Lloyd's May, 1984, order does not exhibit a corresponding ambiguity. The May, 1984, order clearly acted as an amendment of the petition to include the 1984 assessment. Moreover, petitioner justifiably relied on the order and failed to raise any additional challenges. When, in November, 1984, the tribunal vacated the May order, the statutory deadline had long since expired and petitioner was precluded from correcting its error or challenging the assessment.

We conclude that fundamental dictates of fairness required the Tax Tribunal to include petitioner's challenge to the 1984 assessment in their amendment to the 1983 assessment appeal. We reverse the tribunal's order denying jurisdiction over the 1984 tax year and remand for a hearing of the matter on the merits.

Reversed and remanded.