## NOMADS, INC v CITY OF ROMULUS

Docket No. 83881. Submitted January 23, 1986, at Detroit. Decided
August 18, 1986. Leave to appeal applied for.

Petitioner, Nomads, Inc., was organized as a nonprofit corporation
and accorded tax-exempt status by the Internal Revenue Ser-
vice in 1979. Petitioner is a travel club which owns and
operates an aircraft used by its members for organized trips to
places not serviced by regular commercial airlines. Petitioner
leased real property located at Detroit Metropolitan Airport in
the City of Romulus from its owner, the Wayne County Road
Commission, and built an aircraft hangar, office, and mainte-
nance facilities on the leased parcel. Pursuant to the lease
agreement, title to these facilities vested in the road commis-
sion upon the completion of construction. Petitioner subse-
quently received tax statements from the City of Romulus in
August and December, 1980, assessing a tax based upon peti-
tioner's occupancy of the real estate. The city took the position
that petitioner was using the tax-exempt property in connec-
tion with a business conducted for profit and was therefore
liable for the assessment. After it obtained no relief from the
city assessor's board of review, petitioner instituted proceedings
in the Tax Tribunal against respondents City of Romulus and
Wayne County. Petitioner received additional assessments in
July, 1981, December, 1981, and July, 1982, all of which were
paid and which petitioner attempted to incorporate in amend-
ments to its original petition before the Tax Tribunal. The
tribunal ruled, with respect to the 1981 assessment, that peti-
tioner was conducting a business for profit and that it had no
jurisdiction over the 1980 and 1982 tax assessments because

REFERENCES

Am Jur 2d, Landlord and Tenant §§ 354-366.

Am Jur 2d, State and Local Taxation §§ 307-391, 795-816.

Exemption of property leased by and used for purposes of otherwise
tax-exempt body. 55 ALR3d 430.

Prospective use for tax-exempt purposes as entitling property to
tax-exemption. 54 ALR3d 9.

Availability of tax exemption to property held on lease from ex-
empt owner. 54 ALR3d 402.

petitioner had failed to comply with filing deadlines as specified by statute. Petitioner appealed.

The Court of Appeals *held:*

1. The Tax Tribunal did not err in ruling that the petition was not timely filed and that the tribunal was without jurisdiction to consider petitioner's petition for the 1980 tax year. Petitioner's filing of its petition exceeded the filing period set forth in the statute.

2. The lessee-user tax is assessed in lieu of the general ad valorem property tax, where a lessee leases tax-exempt property, and imposed only on those lessees of tax-exempt property used in connection with a business conducted for profit. In this case, the Tax Tribunal erred in determining that petitioner was a business conducted for profit and consequently liable for property taxes assessed under the lessee-user tax.

3. The Tax Tribunal erred in ruling that it lacked jurisdiction over petitioner's 1982 tax assessments. The tribunal relied on an amended version of the statute, which was not in effect at the time petitioner sought to amend its petition to contest the 1982 assessment, in ruling that petitioner had failed to meet the statutory filing deadline. The statute, at the time petitioner attempted to contest the 1982 tax assessments by amending its petition, only required that the amendment be made prior to the time of trial and after protest before the board of review. Petitioner did amend its petition prior to trial but had not filed another protest with the board of review after its initial protest in 1981. However, petitioner's failure to protest the 1982 assessment before the board of review may be excused because its appearance there would have been futile, if petitioner's mode of operation did not significantly change between the 1981 and 1982 tax years, since a change in the board's position would have been unlikely. Therefore, on remand, a hearing must be held to determine whether such is in fact the case, and, if so, then petitioner's failure to file another protest is excused, the Tax Tribunal did have jurisdiction over the appeal from the 1982 assessment, and the result should be the same, i.e., that petitioner was not subject to the lessee-user tax.

4. In another case before the Court of Appeals, *Nomads, Inc v Romulus,* 149 Mich App 355 (1986), the Court ruled that the Tax Tribunal did have jurisdiction over petitioner's 1983 and 1984 assessment appeals and remanded for further proceedings. If there is no significant change of facts for those tax years, as compared to 1981, then the Tax Tribunal in that case on

remand should determine that petitioner was not subject to the lessee-user tax in 1983 and 1984.

Affirmed in part and reversed in part.

1. TAXATION — LESSEE-USER TAXES.

The lessee-user tax is a specific or excise tax on a lessee of tax-exempt property assessed in the same manner as the general ad valorem property tax except that the lessee-user tax will not create a lien against the underlying realty; the lessee-user tax is intended to ensure that lessees of tax-exempt property who use such property in connection with a business conducted for profit will not receive an unfair advantage over lessees of privately owned property (MCL 211.181[1]; MSA 7.7[5][1]).

2. TAXATION — LESSEE-USER TAXES — STATUTES — JUDICIAL CONSTRUCTION.

The phrase "business conducted for profit" contained in the statute providing for the imposition of the lessee-user tax on lessees of tax-exempt property used in connection with a business conducted for profit shall be narrowly construed in favor of the lessee taxpayer, where there is a question as to whether such lessee is in fact using the property in connection with a business for profit.

3. TAXATION — TAX TRIBUNAL — BOARD OF REVIEW — SUBSEQUENT ASSESSMENTS.

A taxpayer must file a protest before the board of review regarding subsequent allegedly unlawful assessments before amending a petition pending in the Michigan Tax Tribunal regarding a prior allegedly unlawful assessment to include the subsequent assessments in his appeal; however, a taxpayer may be excused from complying with the foregoing requirement where the taxpayer's challenge to the subsequent assessment is based on the same grounds as the challenge to the first assessment, there are no substantial changes in the taxpayer's status, and where a change in the board's position is unlikely.

*Fischer, Franklin, Ford, Simon & Hogg* (by *William J. Oldani*), for petitioner.

*John D. O'Hair*, Corporation Counsel, and *Robert G. Schuch* and *Richard G. Stanley*, Assistant Corporation Counsel, for Wayne County.

Before: M. J. Kelly, P.J., and Shepherd and M. R. Knoblock,* JJ.

Shepherd, J. Petitioner, Nomads, Inc., appeals as of right from a Michigan Tax Tribunal judgment dismissing petitioner's 1980 and 1982 lessee-user tax assessment appeals on the ground that it lacked jurisdiction over these assessments, and further dismissing petitioner's appeal from the 1981 assessment on the ground that petitioner was using the subject property in conjunction with a business conducted for profit within the meaning of MCL 211.181; MSA 7.7(5). We affirm the Tax Tribunal's ruling that it was without jurisdiction to consider the 1980 tax assessment, but reverse on the substantive issue with respect to the 1981 tax assessment and hold that petitioner was not subject to the lessee-user tax. We further remand the 1982 assessment appeal to the Tax Tribunal for a determination of whether petitioner's failure to file another protest before the board of review was excused because there were no significant changes in its mode of operation for that year from 1981. If there were none, then the tribunal had jurisdiction and petitioner was not subject to the tax in 1982.

In 1979, petitioner, a travel club organized as a nonprofit corporation under state law and accorded tax-exempt status by the United States Internal Revenue Service, leased approximately 2.5 acres of land owned by the Wayne County Road Commission and located at the Detroit Metropolitan Wayne County Airport in the City of Romulus. On the parcel, petitioner constructed an aircraft hangar, office and maintenance facilities. Pursuant to the lease agreement, ownership of these buildings and facilities vested in the road

* Circuit judge, sitting on the Court of Appeals by assignment.

commission immediately upon completion of construction.

Testimony at trial established that petitioner owns and operates a Boeing 727 aircraft used by club members. Members organize trips to places not serviced by regular commercial flights, or serviced indirectly. There was also testimony that members traveled for reduced or nominal air fare and that the trips provide substantial savings over commercial trips.

On August 18, 1980, petitioner received a tax statement from respondent City of Romulus assessing a tax based upon petitioner's occupancy of the real estate. When petitioner received a second tax statement in December, 1980, it discussed the two statements with respondent's deputy city assessor, contending that it was not using the tax-exempt property "in connection with a business conducted for profit" as provided in MCL 211.181; MSA 7.7(5). Petitioner was granted a hearing before the Assessor's Board of Review on March 11, 1981, but the board's March 20, 1981, decision denied petitioner any relief. Petitioner then appealed to the Michigan Tax Tribunal. Petitioner has received additional assessments in July, 1981, December, 1981, and July, 1982, all of which were paid, and which it attempted to incorporate in amendments to the original petition before the Michigan Tax Tribunal. The Tax Tribunal ruled, with respect to the 1981 assessment, that petitioner was conducting a business for profit. The tribunal further ruled that it had no jurisdiction over the 1980 and 1982 tax assessments because petitioner had failed to comply with the filing deadlines set forth in MCL 205.735; MSA 7.650(35) and MCL 205.737; MSA 7.650(37).

## I. Jurisdiction over 1980 Assessment.

Petitioner first received notice of the 1980 tax

assessment on August 18, 1980. Petitioner protested the assessment to the respondent board of review in March, 1981. On March 20, 1981, the board informed petitioner of its decision refusing to change the assessment. On May 11, 1981, petitioner filed its petition for review in the Tax Tribunal.

MCL 205.735; MSA 7.650(35) sets forth the procedural time limitation governing assessment disputes and claims of exemptions. The 1976 version of the statute in effect in 1980 provides in relevant part:

> (1) . . . In the case of an assessment dispute as to the valuation of the property or where an exemption is claimed, the assessment must be protested before the board of review before the tribunal may acquire jurisdiction of the dispute.
>
> * * *
>
> (3) Beginning January 1, 1977, the jurisdiction of the tribunal in an assessment dispute shall be invoked by the filing of a written petition by a party in interest, as petitioner, not later than June 30 of the tax year involved. In all other matters the jurisdiction of the tribunal shall be invoked by the filing of a written petition by a party in interest, as petitioner, within 30 days after the final decision, ruling, determination, or order which the petitioner seeks to review. An appeal of a contested tax bill shall be made within 60 days after mailing by the assessment district treasurer and the appeal shall be limited solely to correcting arithmetic errors or mistakes and shall not be a basis of appeal as to disputes of valuation of the property, its exempt status, or the equalized value resulting from equalization thereof by the county board of commissioners or the state tax commission.

Petitioner argues that it could not be expected

to protest the 1980 tax assessment before June 30, 1980, since notice was not received until August 18, 1980. We agree. Compare *Durkee Lakes Land Co v Clinton Twp,* 112 Mich App 595; 316 NW2d 496 (1982). However, even accepting petitioner's assertion, it is undisputed that petitioner received notice of the denial of its protest from the board of review on March 20, 1981, and did not file its petition contesting the board's decision in the Tax Tribunal until May 11, 1981, fifty-two days later. Thus, we find no error in the Tax Tribunal's ruling that the petition was not timely filed and that the tribunal was without jurisdiction to consider petitioner's petition for the 1980 tax year. Petitioner's filing of its petition clearly exceeded the alternative thirty-day period set forth in the statute. See *Szymanski v Westland,* 420 Mich 301; 362 NW2d 224 (1984).

## II. THE LESSEE-USER TAX—1981 ASSESSMENT.

The substantive issue raised by the parties in the present case is whether petitioner is a "business conducted for profit" and thus subject to the lessee-user tax. The lessee-user tax is assessed in lieu of the general ad valorem property tax pursuant to MCL 211.181(1); MSA 7.7(5)(1), where the lessee leases tax-exempt property. MCL 211.181(1) provides:

> When any real property which for any reason is exempt from ad valorem property taxation is leased, loaned, or otherwise made available to and used by a private individual, association, or corporation in connection with a business conducted for profit, the lessees or users of this real property shall be subject to taxation in the same amount and to the same extent as though the lessee or user were the owner of this real property.

Although the lessee-user tax is a specific or excise tax on the lessee rather than a general ad valorem property tax on the realty, it is assessed in the same manner as the property tax except that it will not create a lien against the underlying realty. *Continental Motors Corp v Muskegon Twp,* 376 Mich 170, 178; 135 NW2d 908 (1965), *Detroit v Katz,* 142 Mich App 737, 740-741; 371 NW2d 860 (1985), *Detroit v Nat'l Exposition Co,* 142 Mich App 539, 543; 370 NW2d 397 (1985). The lessee-user tax is imposed on certain lessees of property which is exempt from the ad valorem property tax, as is the subject property. It is "intended to ensure that lessees of tax-exempt property will not receive an unfair advantage over lessees of privately owned property." *Detroit v Nat'l Exposition Co, supra,* p 546.

The tax is imposed only on those lessees of tax-exempt property used "in connection with a business conducted for profit." MCL 211.181(1). The meaning of the language "business conducted for profit" within the context of this statute has not been interpreted by the courts and the term is not defined in the statute. The term "profit" however has been interpreted both broadly and narrowly by our courts within the context of other statutes. Compare *Bay City v Bd of Tax Administration,* 292 Mich 241, 249-250; 290 NW 395 (1940) ("profit may be a benefit or advantage other than money return in excess of cost of operation"), with *People v Goulding,* 275 Mich 353, 357; 266 NW 378 (1936) ("profits are usually defined as the net gain made from an investment or from the prosecution of some business after payment of expenses incurred").

In determining that petitioner was a "business conducted for profits," the Tax Tribunal implicitly

applied a broad interpretation of the language. The tribunal reasoned:

> Petitioner (the club) does not take a profit, but that is because it is a cooperative operation [sic] whereby the savings inure to the direct benefit of Petitioner's members. This is, in our opinion, a form of profit which the members individually enjoy by virtue of the operation of this business.

On appeal, respondent urges a broad construction encompassing all direct or indirect, realized or unrealized, gains, savings, benefits, or advantages to petitioner and its members. It argues that the substantial savings petitioner affords its members is a profit to petitioner as well as its members. While we agree with the Tax Tribunal and respondent that even though petitioner is a nonprofit corporation certain benefits unquestionably inured to its members, and that if petitioner owned the property rather than leased it the property would be subject to the general property tax, the question still remains whether, under the lessee-user statute, petitioner is a business conducted for profit. As the parties accurately perceive, the resolution of this question hinges on whether the language is given a broad or narrow reading. In analyzing the issue we are guided by two cardinal rules of statutory construction.

First, when a provision *imposing* a tax is susceptible to two constructions, the uncertainty is resolved in favor of the taxpayer. Sutherland, Statutory Construction (4th ed), § 66.01. In *In re Dodge Brothers,* 241 Mich 665, 669; 217 NW 777 (1928), the Supreme Court stated, "The scope of the tax laws may not be extended by implication or forced construction. Such laws may be made plain, and the language thereof, if dubious, is not resolved against the taxpayer." See also *Detroit v Norman*

*Allan & Co,* 107 Mich App 186, 191; 309 NW2d 198 (1981) ("[T]ax statutes are strictly construed.").

Second, *tax exemptions* are strictly construed against the taxpayer and in favor of the taxing authority. *Michigan Baptist Homes & Development Co v Ann Arbor,* 396 Mich 660, 670; 242 NW2d 749 (1976). Since taxation is the rule and exemption the exception, the intention to make an exemption must be expressed in clear and unambiguous terms. *American Concrete Institute v State Tax Comm,* 12 Mich App 595, 607; 163 NW2d 508 (1968). See also *Michigan Christian Campus Ministries, Inc v City of Mount Pleasant,* 110 Mich App 787, 792; 314 NW2d 482 (1981).

MCL 211.181(1) imposes a tax only on a lessee of tax-exempt property used in connection with a "business conducted for profit." The qualifying language is not an exemption; rather it defines the taxpayers on whom the lessee-user tax is imposed, i.e., lessees of tax-exempt property used in connection with businesses conducted for profit. Exemptions to the lessee-user tax are set forth in subsection (2) of the statute, which is not applicable to petitioner. Thus while the exemptions set forth in subsection (2) must be strictly construed in favor of the taxing authority, the pertinent language set forth in subsection (1), i.e., "business conducted for profit," must be strictly construed in favor of the petitioner taxpayer. We conclude that the Tax Tribunal erred in giving the language in question a broad interpretation. We therefore conclude, resolving the uncertainty in the language in favor of petitioner, that petitioner is not subject to the lessee-user tax.

Our opinion on this interpretation is solidified even further when one observes that had the language in question been omitted from MCL 211.181(1), petitioner would have been subject to

the lessee-user tax since it would not have been exempt from the general property taxation under MCL 211.7a-211.7z; MSA 7.7(1)-7.7(4w) if it were the owner of the property. To interpret the statute in favor of respondents would be to hold that the statute, as applied to petitioner, means the same thing with or without the words "in connection with a business conducted for profit." We are not prepared to say that this language is mere surplusage in view of the rule of construction that ascribes to the Legislature an intent to give meaning to every word in a statute. *Michigan Harness Horsemen's Ass'n v Racing Comm'r,* 123 Mich App 388, 391; 333 NW2d 292 (1983).

By using this language, the Legislature must have intended not to tax a class of persons who would normally be subject to the tax if they were the owners but who are not taxed because their activities are not in connection with a business conducted for profit. If this analysis of the use of the language creates further confusion or ambiguity, we are again faced with the fact that the offending section of the statute is one imposing a tax rather than one creating an exemption and must be interpreted in favor of the taxpayer.

### III. Jurisdiction over 1982 Assessment.

Petitioner attempted to amend its petition before the Tax Tribunal to include its 1982 tax assessment. Although petitioner contends that it included the 1982 assessment in its Second Amendment filed on February 23, 1982, our review of the record reveals that petitioner did not seek to add the 1982 assessment until its Third Amendment filed October 1, 1982.

The statutory provision applicable to petitioner's attempted amendment to its petition before the

Tax Tribunal at the time the amendment was filed provided in pertinent part:

> (4) If subsequent to the filing of the petition the taxpayer paid additional taxes as a result of the unlawful assessments on the same property, or if in subsequent years unlawful assessments were made against the same property, the taxpayer after protest before the board of review, may amend his petition prior to the time of trial to join all of his claims for lawful assessment determination and for refund by reason of payments based on the unlawful assessments. [MCL 205.737(4); MSA 7.650(37)(4).]

The Tax Tribunal held that it lacked jurisdiction over the 1982 tax year because petitioner failed to meet the filing deadline of June 30 set forth in the amended version of the statute which was not in effect at the time petitioner sought to amend its petition. We disagree with the Tax Tribunal's reasoning since it relied on statutory language that was not in effect at the time. The applicable provision set forth above provided only that the petitioner's amendment be made "prior to the time of trial" and "after protest before the board of review." Petitioner did amend its petition prior to trial but admittedly had not filed another protest with the board of review to contest the 1982 assessment.

Petitioner argues, relying on *Ass'n of Little Friends, Inc v Escanaba,* 138 Mich App 302, 310-311; 360 NW2d 602 (1984), that its failure to protest the 1982 assessment before the board of review is excused because its appearance there would have been futile. In *Ass'n of Little Friends,* we held, based on similar facts, that the petitioner's failure to exhaust its administrative remedy of protest before the board of review was excused

since it was "reasonable to assume that the board's finding that petitioner was not entitled to tax-exempt status in one year would not be reversed in a subsequent year" and the taxing authority "would not be prejudiced by allowance of the association's 1982 claim since the evidence pertained to that year as well." 138 Mich App 311. See also *Turner v Lansing Twp,* 108 Mich App 103, 108-109; 310 NW2d 287 (1981). We agree with the conclusion reached in *Ass'n of Little Friends* that the failure to protest before the board is excused, assuming there were no significant changes in Nomads' mode of operation between the 1981 and 1982 tax years which would cause it to become subject to the tax. Accordingly, we remand for a hearing to determine whether the facts concerning petitioner's operation were substantially the same in 1982 as in 1981. If they were, then petitioner's failure to file another protest is excused, the Tax Tribunal did have jurisdiction over the appeal from the 1982 assessment, and the result should be the same, i.e., that petitioner was not subject to the lessee-user tax.

## IV. Summary.

We affirm the Tax Tribunal's dismissal of the 1980 tax assessment on the ground that the tribunal was without jurisdiction to consider that assessment. We reverse the tribunal's finding that petitioner was subject to the lessee-user tax in 1981 and we remand the 1982 assessment appeal for a determination of whether there were changes in petitioner's operation in 1982 which would subject it to the lessee-user tax. If there were no substantial changes from its operation in 1981, then petitioner was excused from protesting the 1982 assessment before the board, the Tax Tribu-

nal did have jurisdiction over the 1982 assessment and petitioner was not subject to the tax in 1982.

We are aware that there is another case before this Court which concerns the tribunal's jurisdiction over petitioner's 1983 and 1984 tax assessments but does not reach the merits of this controversy. *Nomads, Inc v Romulus,* 149 Mich App 355; 386 NW2d 197 (1986). In that case this Court held that the Tax Tribunal did have jurisdiction over the 1983 and 1984 assessment appeals and remanded the case for consideration of the merits of petitioner's challenge of the assessments. If there is no significant change of facts for those tax years, as compared to 1981, then the Tax Tribunal in that case on remand should determine that petitioner was not subject to the lessee-user tax in 1983 and 1984.

Affirmed in part and reversed in part.