*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BODECO LLC,

           Petitioner-Appellant,

v

CITY OF TRAVERSE CITY,

           Respondent-Appellee.

FOR PUBLICATION
March 13, 2025
11:18 AM

No. 370738
Michigan Tax Tribunal
LC No. 21-001332

Before: RIORDAN, P.J., and YATES and ACKERMAN, JJ.

YATES, J.

Petitioner, Bodeco LLC, appeals of right two decisions of the Michigan Tax Tribunal as to whether an airplane hangar Bodeco built on land it leased from the Northwestern Regional Airport Commission was subject to taxation by respondent, City of Traverse City, under MCL 211.181(1). In the first decision, the Tax Tribunal dismissed petitioner's claims concerning tax years 2019 and 2020 on timeliness grounds. In the second decision, the Tax Tribunal ruled on the merits regarding tax years 2021 and 2022, but it applied an incorrect burden of proof. Therefore, we vacate the Tax Tribunal's order holding that petitioner was subject to the tax imposed by MCL 211.181(1) for tax years 2021, 2022, and beyond, and we remand for further proceedings concerning those tax years.

## I. FACTUAL BACKGROUND

In April 2018, petitioner entered into a contract with the Northwestern Regional Airport Commission to lease land in the Cherry Capital Airport in Traverse City. Petitioner subsequently built an airplane hangar on that land. In July 2020, petitioner applied for a property tax exemption under MCL 211.7m. The application was denied in a letter from respondent dated September 16, 2020, that did not include an explanation for the denial beyond stating that the property "does not qualify under MCL 211.7m." Petitioner filed petitions with the board of review on November 6, 2020, protesting the property tax assessment for the tax years 2019 and 2020, and contending that the property was tax-exempt under MCL 211.7m. In an e-mail to petitioner on November 17, 2020, respondent explained that the forms petitioner had submitted were petitions to the March board of review, and that the deadline for the March board of review had passed. In an application dated January 4, 2021, petitioner applied for a property tax exemption, again citing MCL 211.7m.

Once again, respondent denied the request for an exemption without explanation. In a petition filed with the board of review dated March 5, 2021, petitioner challenged the assessed value for the tax year 2021. The board of review denied the requested exemption on March 10, 2021.

On May 24, 2021, petitioner filed the petition in this case, alleging the Northwest Regional Airport Commission owned the hangar located on the property leased to petitioner, so the property was exempt from taxation under MCL 211.7m. Petitioner requested that the taxable value of the property be set at $0, and petitioner claimed a right to a refund of the property taxes it had paid for the previous years.

On November 1, 2021, the Tax Tribunal entered a "proposed order of partial dismissal" of petitioner's appeal, explaining "that Petitioner's exemption appeal for 2019 and 2020 tax years is DISMISSED" but the appeal "shall continue for the 2021 tax year and subsequent tax years[.]" In response, petitioner filed exceptions. But on December 9, 2021, the Tax Tribunal issued an "order of partial dismissal" stating "the Tribunal has no equitable power to waive or otherwise disregard a statutory requirement or filing deadline" and, "[a]s a result, it has no authority to grant Petitioner the relief requested for tax years 2019 or 2020." Petitioner moved for reconsideration of the order of partial dismissal, but the Tax Tribunal denied that requested relief on January 3, 2022.

Petitioner's challenge to the current tax status of the property then proceeded to a hearing. In its prehearing statement, petitioner asserted that it used the hangar to store personal aircraft, and that it derived no profit and engaged in no commercial purposes, so the property was exempt from taxation pursuant to MCL 211.7m. Petitioner also argued that MCL 211.181 did not apply because its use of the property was not commercial. Respondent contended that the property was properly assessed and that it was not exempt from taxation under MCL 211.7m and MCL 211.181.

At the hearing on September 28, 2022, the Tax Tribunal took testimony from the owner of petitioner, Randy Chapman, and the tax assessor, Polly Cairns. Chapman explained that petitioner leased the hangar, it did not own anything else, it did not make money, and it had never had income. The airplane stored in the hangar was owned by a different company, Vortac LLC, which did not own anything else, did not generate any income, and was not conducted for profit, according to Chapman. Neither company had paid any expenses in the last two years, and Chapman personally paid all of Bodeco's expenses. Chapman stated that the purpose of Bodeco was to own the hangar, and Bodeco was "mainly set up just for protection from liability." The purpose of Vortac was to own the airplane and provide protection from liability. Chapman testified he was the only person who flew the airplane and there was nothing in the hangar used for any type of business.

Chapman said that he had flown the airplane "lots of places," including Oregon, Colorado, Florida, and Ohio, but he did not recall all of the places to which he had flown. Chapman explained that he had flown with his children, his spouse, and his friends, and he commented that he has one or two friends who are clients.

Bodeco and Vortac are two of several LLCs and S corporations that Chapman owned. He described himself as self-employed in the area of financial and portfolio management, and he had other LLCs and S corporations that he used to conduct business. As part of that business, Chapman was registered in Michigan, California, and Colorado. At the hearing, neither side presented flight logs or financial statements for Chapman or any of the companies.

-2-

Polly Cairns, the assessor for Traverse City, testified that petitioner had never provided any information that Bodeco was a nonprofit business or the property was not used in connection with a business conducted for profit. Cairns could not find any flight history for the plane stored at the property. She searched and was informed that no history was available to the public per the request of the owner. Cairns could offer no evidence that Bodeco or Vortac had ever derived any profit.

On March 5, 2024, the Tax Tribunal entered a final opinion and judgment explaining that petitioner had the burden of proving it was entitled to an exemption. Next, the Tax Tribunal ruled that petitioner had met its burden of demonstrating that the tax exemption in MCL 211.7m applied to petitioner's property. Then the Tax Tribunal considered whether petitioner had met its burden to demonstrate that it was "exempt from the specific Lessee-User tax levied under MCL 211.181." The Tax Tribunal explained that petitioner had "the burden of proof in establishing that the subject property is not 'made available to and used by a private individual, association, or corporation in connection with a business conducted for profit,' " referring to MCL 211.181(1). The Tax Tribunal concluded that petitioner had failed to establish that it was entitled to an exemption under MCL 211.181(1) for two reasons. First, petitioner had presented insufficient evidence of the use of the hangar and the airplane, the evidence revealed that Bodeco and Vortac were for-profit businesses, and the fact that Chapman "chose to utilize these businesses solely as a means to protect himself from liability and not to make a profit is of no concern." Second, the Tax Tribunal held that the property was "used, at least in part, by Mr. Chapman to make a profit in one or more of the other businesses he either owns or is associated with." Petitioner moved for reconsideration of the Tax Tribunal's final opinion and judgment, but the Tax Tribunal denied that motion on April 15, 2024. This appeal of right followed.

## II. LEGAL ANALYSIS

On appeal, petitioner challenges the dismissal of his claims for tax years 2019 and 2020 on timeliness grounds. In addition, petitioner contests the Tax Tribunal's determination on the merits concerning his claims for tax years 2021, 2022, and beyond. We shall address those two separate claims in turn.

## A. TAX YEARS 2019 AND 2020

Petitioner faults the Tax Tribunal for improperly dismissing the appeal regarding tax years 2019 and 2020. Petitioner claims the Tax Tribunal had the authority to afford relief for tax years 2019 and 2020 under MCL 205.735a, MCL 211.53a, and MCL 211.53b. We disagree, and so we affirm the Tax Tribunal's dismissal of petitioner's claims related to tax years 2019 and 2020.

In MCL 205.735a, our Legislature prescribed the requirements for invoking the jurisdiction of the Tax Tribunal. *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 76; 780 NW2d 753 (2010) (addressing a previous version of MCL 205.735a). Pursuant to MCL 205.735a(4)(a):

> For an assessment dispute as to the valuation or exemption of property classified under section 34c of the general property tax act, 1893 PA 206, MCL 211.34c, as commercial real property, industrial real property, or developmental real property, *the assessment may be protested before the board of review or*

*appealed directly to the tribunal without protest before the board of review as provided in subsection (6).* [Emphasis added.]

Under MCL 205.735a(6):

> The jurisdiction of the tribunal in an assessment dispute as to property classified under section 34c of the general property tax act, 1893 PA 206, MCL 211.34c, as commercial real property, industrial real property, developmental real property, commercial personal property, industrial personal property, or utility personal property *is invoked by a party in interest, as petitioner, filing a written petition on or before May 31 of the tax year involved.*
>
> * * *
>
> In all other matters, the jurisdiction of the tribunal is invoked by a party in interest, as petitioner, filing a written petition within 35 days after the final decision, ruling, or determination. [Emphasis added.]

MCL 205.735a sets forth the general limitations period for filing a petition with the Tax Tribunal, but that general limitations period is superseded when another statute provides a different limitations period for filing a petition with the Tax Tribunal. *Briggs*, 485 Mich at 76. One statute that provides a different limitations period is MCL 211.53a, *id.*, which states that "[a]ny taxpayer who is assessed and pays taxes in excess of the correct and lawful amount due because of a clerical error or mutual mistake of fact made by the assessing officer and the taxpayer may recover the excess so paid, without interest, if suit is commenced within 3 years from the date of payment, notwithstanding that the payment was not made under protest."

Our Supreme Court has interpreted the meaning and the applicability of the phrase "mutual mistake of fact" as used in MCL 211.53a. *Ford Motor Co v Woodhaven*, 475 Mich 425, 428; 716 NW2d 247 (2006). The *Ford* Court defined "mutual mistake of fact" as used in MCL 211.53a to mean "an erroneous belief, which is shared and relied on by both parties, about a material fact that affects the substance of the transaction." *Id.* at 442.

Our Supreme Court has distinguished between mistakes of *fact* that fall under the purview of MCL 211.53a, and mistakes of *law* that are not covered by MCL 211.53a. *Briggs*, 485 Mich at 81-85. In *Briggs*, our Supreme Court ruled that the imposition of an unlawful tax was not a mistake of fact. *Id.* at 84. "[A] mistake about the validity of a tax constitutes a mistake of law." *Id.* at 83. Our Supreme Court concluded that because the mistake was one of law, not of fact, MCL 211.53a does not confer jurisdiction upon the Tax Tribunal even though "[t]here is no doubt that a mistake occurred." *Id.* at 77-78, 81-85.

Additionally, MCL 211.53b provides a timeline for the correction of a "qualified error." According to that statute:

> (1) If there has been a qualified error, the qualified error must be verified by the local assessing officer and approved by the board of review. Except as otherwise provided in subsection (5), the board of review shall meet for the purposes of this section on Tuesday following the second Monday in December and on Tuesday

following the third Monday in July. If approved, the board of review shall file an affidavit within 30 days relative to the qualified error with the proper officials and all affected official records must be corrected. If the qualified error results in an overpayment or underpayment, the rebate, including any interest paid, must be made to the taxpayer or the taxpayer must be notified and payment made within 30 days of the notice. A rebate must be without interest. The treasurer in possession of the appropriate tax roll may deduct the rebate from the appropriate tax collecting unit's subsequent distribution of taxes. The treasurer in possession of the appropriate tax roll shall bill to the appropriate tax collecting unit the tax collecting unit's share of taxes rebated. Except as otherwise provided in section 27a(4), a correction under this subsection may be made for the current year and the immediately preceding year only.

* * *

(6) As used in this section, "qualified error" means 1 or more of the following:

(a) A clerical error relative to the correct assessment figures, the rate of taxation, or the mathematical computation relating to the assessing of taxes.

(b) A mutual mistake of fact.

* * *

(f) An error regarding the correct taxable status of the real property being assessed.

With these statutes in mind, we turn to the Tax Tribunal's dismissal of petitioner's challenges to the assessment for tax years 2019 and 2020.

Petitioner contends that the Tax Tribunal had the authority to grant relief for tax years 2019 and 2020 pursuant to MCL 205.735a.[1] Petitioner cites MCL 205.735a(4)(a) and (6) to support its argument that it was not required to appeal to the board of review, but could instead bring its appeal straight to the Tax Tribunal. The language of MCL 205.735a(6) contradicts that argument. Under MCL 205.735a(4)(a), an assessment as to the valuation or exemption of commercial real property may be (1) "protested before the board of review" or (2) "appealed directly to the tribunal without protest before the board of review as provided in subsection (6)." Petitioner insists that it appealed straight to the Tax Tribunal pursuant to subsection (6), which states that "[t]he jurisdiction of the tribunal in an assessment dispute as to property classified . . . as commercial real property . . . is

---

[1] On appeal, petitioner relies on MCL 205.735a(4)(a) in contending that "[t]here is no requirement under Michigan law for an owner of commercial property to appeal to the Board of Review." This argument is based on the premise that the property at issue is "commercial property." This appears to be at odds with petitioner's repeated assertions that "there has been no commercial activity" at the property and "there was no evidence at the hearing that any commercial activity had ever taken place." Because we conclude that MCL 205.735a does not support petitioner's argument for other reasons, we need not address this inconsistency further.

invoked by a party in interest, as petitioner, filing a written petition on or before May 31 of the tax year involved." Petitioner filed its petition on May 24, 2021. Insofar as petitioner's appeal of the assessment for the 2019 and 2020 tax years is concerned, that petition was not filed "on or before May 31 *of the tax year involved*." MCL 205.735a(6) (emphasis added).

MCL 205.735a(6) also affords jurisdiction to the Tax Tribunal when a party files "a written petition within 35 days after the final decision, ruling, or determination." The Tax Tribunal ruled that the constructive denial of petitioner's initial challenge by the board of review was January 14, 2021, a finding petitioner does not contest on appeal. Accordingly, the May 24, 2021 petition was not filed within 35 days of that denial, as required to invoke the Tax Tribunal's jurisdiction under MCL 205.735a(6). Accordingly, MCL 205.735a does not provide jurisdiction for the Tax Tribunal to grant relief to petitioner for tax year 2019 or 2020.

Petitioner further asserts that the Tax Tribunal had the authority to grant relief for tax years 2019 and 2020 under MCL 211.53a. In cases where MCL 211.53a applies, that statute supersedes the limitations period of MCL 205.735a. *Briggs*, 485 Mich at 76. Here, the Tax Tribunal correctly stated that MCL 211.53a did not afford it jurisdiction to grant relief for tax years 2019 and 2020, but it erred in holding that MCL 211.53a did not apply because a mutual mistake of fact could only be "an error of a transpositional, typographical, or mathematical nature." Despite the error, though, its decision that petitioner failed to identify a mutual mistake of fact contemplated by MCL 211.53a was correct. The purported mutual mistakes petitioner identified are mistakes of *law*, not of fact, so they are not covered by the limitations period in MCL 211.53a.

The Tax Tribunal held that a "mutual mistake of fact" is a "narrow category of bureaucratic errors," i.e., "an error of a transpositional, typographical, or mathematical nature." That holding rests upon this Court's opinion in *Int'l Place Apartments-IV v Ypsilanti Twp*, 216 Mich App 104, 109; 548 NW2d 668 (1996). But the Tax Tribunal's reliance on that decision was misplaced. In *Int'l Place Apartments-IV*, this Court defined "mutual mistake of fact" as it appeared in a previous version of MCL 211.53b, *not* MCL 211.53a. That prior version of MCL 211.53b stated that "[i]f there has been a clerical error or a mutual mistake of fact relative to the correct assessment figures, the rate of taxation, or the mathematical computation relating to the assessing of taxes . . . ." MCL 211.53b, as amended by 2009 PA 13. Based on that language, this Court concluded that "reading the statute in context, the reference to a clerical error or a mutual mistake is directly referenced to use of the correct assessment figures, the taxation rate, and the mathematical computation relating to the assessment of taxes." *Id*. at 109. In that context, this Court concluded that the statute only referred to "errors of a typographical, transpositional, or mathematical nature." *Id*.

MCL 211.53a does not contain the language this Court cited in *Int'l Place Apartments-IV* in defining "mutual mistake of fact," which calls into question whether the definition of "mutual mistake of fact" in *Int'l Place Apartments-IV* as that phrase was used in a previous version of MCL 211.53b was ever applicable to MCL 211.53a. But since *Int'l Place Apartments-IV* was issued, MCL 211.53b was amended to separate the phrase "mutual mistake of fact" from a "clerical error relative to the correct assessment figures, the rate of taxation, or the mathematical computation relating to the assessing of taxes." MCL 211.53b(6)(a) and (b). That amendment renders the *Int'l Place Apartments-IV* Court's definition of "mutual mistake of fact" as used in MCL 211.53b of no significance here because it was based on language no longer contained in the statute. In fact, by separating the concepts of "mutual mistake of fact" and a "clerical error relative to the correct

-6-

assessment figures, the rate of taxation, or the mathematical computation relating to the assessing of taxes," our Legislature signaled that "mutual mistake of fact" was distinct from clerical errors. Thus, the Tax Tribunal erred when it defined "mutual mistake of fact" as it is used in MCL 211.53a to mean "an error of a transpositional, typographical, or mathematical nature."

Petitioner insists MCL 211.53a confers jurisdiction on the Tax Tribunal for tax years 2019 and 2020 because of mutual mistakes of fact. Specifically, petitioner contends that both it and the tax assessor mistakenly believed that (1) construction needed to be completed before an application for property tax exemption could be submitted, and (2) property taxes needed to be paid before the application was submitted. But as our Supreme Court made clear in *Briggs*, 485 Mich at 81-85, it is important to differentiate between mistakes of fact and mistakes of law when analyzing MCL 211.53a. The purported mistakes of fact petitioner identifies, to the extent they were mistakes at all, were mistakes of *law*. As our Supreme Court held, mistakes of law are beyond the purview of MCL 211.53a. *Id*. at 85. Hence, in analyzing the applicability of MCL 211.53a, the Tax Tribunal reached the right result, i.e., that it does not apply, even though the basis for its holding was wrong.

Finally, petitioner claims that MCL 211.53b affords the Tax Tribunal the authority to grant relief for tax years 2019 and 2020. But petitioner constructs that argument by selectively pulling words and phrases out of a very lengthy statute. Petitioner asserts that MCL 211.53b "allows for a correction 'for the current year and the immediately preceding year,' " and that under that statute, a "qualified error" includes a clerical error, a mutual mistake of fact, or "[a]n error regarding the correct taxable status of the real property being assessed." But that interpretation of MCL 211.53b ignores several important parts of the statute. MCL 211.53b(1) provides that "[i]f there has been a qualified error, the qualified error must be verified by the local assessing officer and approved by the board of review." "If approved, the board of review shall file an affidavit within 30 days relative to the qualified error with the proper officials and all affected official records must be corrected." That subsection then prescribes a time frame to make corrections: "a correction under this subsection may be made for the current year and the immediately preceding year." Nothing in the record suggests that the qualified error was verified by the local assessing officer or approved by the board of review. Consequently, MCL 211.53b does not assist petitioner.

In sum, no statute petitioner identifies provides the Tax Tribunal with the authority to grant relief on petitioner's claims for tax years 2019 and 2020. Therefore, we affirm the Tax Tribunal's dismissal of petitioner's claims regarding tax years 2019 and 2020.

## B. APPLICATION OF MCL 211.181(1) TO TAX YEARS 2021, 2022, AND BEYOND

Petitioner insists the Tax Tribunal erred when it held that petitioner's property was subject to taxation under MCL 211.181(1). First, petitioner contends the Tax Tribunal applied the burden of proof to the wrong party when it required petitioner to establish that it was not subject to the tax imposed in MCL 211.181(1) and that respondent should have borne the burden of proving that the tax imposed by MCL 211.181(1) applied to petitioner's property. Second, petitioner asserts that there was no evidence that the hangar was used in connection with a business conducted for profit. We agree with petitioner that the Tax Tribunal employed an incorrect burden of proof, so we vacate the Tax Tribunal's final order and judgment and remand for further proceedings.

Pursuant to MCL 211.7m,

Property owned by, or being acquired pursuant to, an installment purchase agreement by a county, township, city, village, or school district used for public purposes and property owned or being acquired by an agency, authority, instrumentality, nonprofit corporation, commission, or other separate legal entity comprised solely of, or which is wholly owned by, or whose members consist solely of a political subdivision, a combination of political subdivisions, or a combination of political subdivisions and the state and is used to carry out a public purpose itself or on behalf of a political subdivision or a combination is exempt from taxation under this act.

This Court has decided that MCL 211.7m is a tax exemption statute. *Kalamazoo v Richland Twp*, 221 Mich App 531, 536-537; 562 NW2d 237 (1997).

Under MCL 211.181(1), "[e]xcept as provided in this section, if real property exempt for any reason from ad valorem taxation is leased, loaned, or otherwise made available to and used by a private individual, association, or corporation in connection with a business conducted for profit, the lessee or user of the real property is subjected to taxation in the same amount and to the same extent as though the lessee or user owned the real property." MCL 211.181(2) lists the situations in which MCL 211.181(1) does not apply. This Court has decided that MCL 211.181(1) imposes a tax, it does not provide an exemption. *Nomads, Inc v Romulus*, 154 Mich App 46, 54; 397 NW2d 210 (1986) ("The qualifying language [of MCL 211.181(1)] is not an exemption; rather it defines the taxpayers on whom the lessee-user tax is imposed, i.e., lessees of tax-exempt property used in connection with businesses conducted for profit."); accord *Kalamazoo*, 221 Mich App at 536 ("The lessee-user statute imposes a tax . . . .").

In *Kalamazoo*, this Court ruled that the property at issue was exempt from property taxes under MCL 211.7m. *Id*. at 537. It then held that the taxing authority had not provided sufficient evidence that would "except this case from the general rule," meaning the taxing authority had not established that petitioner was subject to taxation under MCL 211.181(1). *Id*. at 537-538. Since then, this Court has cited *Kalamazoo* in unpublished opinions to conclude that the taxing authority has the burden of proving that a tax statute applies. See, e.g., *Power Wellness Mgt, LLC v City of Dexter*, unpublished per curiam opinion of the Court of Appeals, issued March 4, 2021 (Docket No. 352226), p 6. This Court has even relied on *Kalamazoo* in determining that MCL 211.181(1) imposes a tax, and so it "is not petitioner's burden to establish that the statute does not apply (i.e., that it is not operating the golf course for profit), but the burden is upon respondent to prove that petitioner is operating it as a for-profit business." *Northport Creek Golf Course LLC v Twp of Leelanau*, unpublished per curiam opinion of the Court of Appeals, issued November 28, 2017 (Docket No. 337374), p 4 vacated in part by 503 Mich 881 (2018). Although unpublished opinions do not bind us, we may consider them to the extent that they provide persuasive analysis. *Cox v Hartman*, 322 Mich App 292, 307-308; 911 NW2d 219 (2017).

Here, the Tax Tribunal ruled that petitioner's property "is not exempt under MCL 211.181 and is subject to the specific tax set forth therein." At the outset of its analysis, the Tax Tribunal identified the burden of proof as follows: "As with MCL 211.7m, Petitioner must also prove by a preponderance of the evidence that it is also exempt from the specific Lessee-User tax levied under MCL 211.181." The Tax Tribunal reaffirmed that point by observing: "In other words, Petitioner has the burden of proof in establishing that the subject property is not 'made available to and used

by a private individual, association, or corporation in connection with a business conducted for profit . . . .' " The Tax Tribunal rejected petitioner's claim that it did not bear the burden of proof under MCL 211.181(1), expressly stating that, "as with all exemption statutes, because Petitioner is requesting an exemption from the specific tax levied under MCL 211.181, it has the burden of proof in establishing entitlement to the exemption." The Tax Tribunal erred when it characterized MCL 211.181(1) as a tax exemption statute. Instead, MCL 211.181(1) is a tax-imposing statute. *Kalamazoo*, 221 Mich App at 536. The exemption from the tax imposed by MCL 211.181(1) is set forth in MCL 211.181(2), which was not at issue in this case.

What is less clear is the importance of the distinction between tax exemption statutes and tax-imposing statutes when imposing the burden of proof. Petitioner argues that for a tax-imposing statute, the burden is on the taxing authority to prove that the statute applies. A wealth of authority confirms that the petitioner has the burden of proof to establish that a tax-exempting statute applies, see, e.g., *ProMed Healthcare v Kalamazoo*, 249 Mich App 490, 492-493; 644 NW2d 47 (2002), but there is a paucity of authority allocating the burden of proof for establishing that tax-imposing statutes apply. In *Kalamazoo*, 221 Mich App at 536-538, this Court suggested the taxing authority bears that burden. We now adopt that approach and conclude that respondent had the burden of proof to show that the tax-imposing statute, MCL 211.181(1), applied to petitioner's property. In contrast, petitioner would have the burden of establishing that the tax-exempting subsection, i.e., MCL 211.181(2), applies.

Because the Tax Tribunal employed an incorrect burden of proof by requiring petitioner to prove that MCL 211.181(1) did not apply to its property, instead of requiring respondent to show that MCL 211.181(1) did apply to that property, we must vacate the Tax Tribunal's final opinion and judgment and remand for further proceedings.

In addition, we question the Tax Tribunal's application of MCL 211.181(1) to Bodeco and Vortac. MCL 211.181(1) applies only if property is "used by a private individual, association, or corporation in connection with a business conducted for profit . . . ." The Tax Tribunal ruled that Bodeco's and Vortac's use of the property satisfied that requirement because they were "for-profit businesses." In the Tax Tribunal's view, the fact that Chapman "chose to utilize these businesses solely as a means to protect himself from liability and not to make a profit is of no concern." But "MCL 211.181(1) imposes a tax only on a lessee of tax-exempt property used in connection with a 'business conducted for profit.' " *Nomads*, 154 Mich App at 55. Thus, the invocation of MCL 211.181(1) required a demonstration that Bodeco and Vortac were "conducted for profit."[2] The Tax Tribunal's interpretation of the statute effectively removed the phrase "conducted for profit," and rendered the statute applicable to any property "used by a private individual, association, or corporation in connection with a business[.]" Such an interpretation is improper, especially when "the pertinent language set forth in subsection (1) [of MCL 211.181], i.e., 'business conducted for profit,' must be strictly construed in favor of the petitioner taxpayer." *Nomads*, 154 Mich App at 55.

---

[2] The Tax Tribunal's findings—that Bodeco and Vortac were "nothing but shell companies" and that Chapman utilized the businesses "solely as a means to protect himself from liability"—suggest that Bodeco and Vortac were not "conducted for a profit."

Consequently, we affirm the Tax Tribunal's dismissal of petitioner's claims regarding tax years 2019 and 2020, we vacate the Tax Tribunal's final opinion and judgment insofar as it holds petitioner subject to the tax imposed in MCL 211.181(1), and we remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Michael J. Riordan
/s/ Matthew S. Ackerman