DURKEE LAKES LAND COMPANY v CLINTON TOWNSHIP

Docket No. 56433. Submitted December 10, 1981, at Lansing.—Decided January 20, 1982.

Durkee Lakes Land Company filed a written protest of proposed increases in the tax assessments on various parcels of real property which it owned with the Clinton Township, Oscoda County, Board of Review. The board subsequently denied the protest and, pursuant to Durkee's written request, sent Durkee a letter concerning the denial of the protest. Subsequently, Durkee filed a petition for review with the Tax Tribunal. The tribunal granted Clinton Township accelerated judgment because the petitioner had not timely filed the petition. Durkee appeals. The Fairview Area Schools intervened as appellee pursuant to an order of the Court of Appeals. *Held:*

The Tax Tribunal did not err in granting accelerated judgment to the township since petitioner's petition was not filed until 49 days after receipt of notification of the increased assessment. The petititon was not timely filed since the filing date exceeded the 30-day filing period provided by statute.

Affirmed.

TAXATION — ASSESSMENTS — TAX TRIBUNAL — LIMITATION OF ACTIONS — STATUTES.

The provision of the Tax Tribunal Act which states the time limit for invoking the tribunal's jurisdiction in an assessment dispute requires the filing of a written petition by June 30 of the tax year involved or within 30 days after the final decision, ruling, determination, or order for other matters which a petitioner seeks to review (MCL 205.735[3]; MSA 7.650[35][3]).

*John P. Siler,* for petitioner.

*Barry L. Shantz,* for Clinton Township.

REFERENCES FOR POINTS IN HEADNOTE
51 Am Jur 2d, Limitation of Actions § 36.
72 Am Jur 2d, State and Local Taxation § 1141.

*Thrun, Maatsch & Nordberg, P.C.* (by *Harry J. Zeliff),* for Fairview Schools.

Before: MacKenzie, P.J., and M. F. Cavanagh and D. F. Walsh, JJ.

Per Curiam. Petitioner appeals from an order of the Michigan Tax Tribunal granting respondent's motion for accelerated judgment on the basis that petitioner did not file a timely petition.

On March 8, 1980, petitioner filed with the Clinton Township, Oscoda County, Board of Review a written protest of proposed increases in the tax assessments on various parcels of real property owned by petitioner. The board subsequently denied the protest.

On September 17, 1980, petitioner sent a letter to the Board of Review requesting notification of the board's decision. On October 27, 1980, the township supervisor sent a letter to petitioner concerning the denial of the protest.

On December 15, 1980, petitioner filed a petition for review with the Tax Tribunal. Respondent filed a motion for accelerated judgment, alleging that petitioner's failure to file a petition in a timely manner deprived the Tax Tribunal of jurisdiction. By an order entered on February 25, 1980, the tribunal granted respondent's motion. This decision is the subject of the appeal.

Section 35(3) of the Tax Tribunal Act provides:

"Beginning January 1, 1977, the jurisdiction of the tribunal in an assessment dispute shall be invoked by the filing of a written petition by a party in interest, as petitioner, not later than June 30 of the tax year involved. In all other matters the jurisdiction of the tribunal shall be invoked by the filing of a written petition by a party in interest, as petitioner, within 30 days after the final decision, ruling, determination, or order which the petitioner seeks to review. An appeal of

a contested tax bill shall be made within 60 days after mailing by the assessment district treasurer and the appeal shall be limited solely to correcting arithmetic errors or mistakes and shall not be a basis of appeal as to disputes of valuation of the property, its exempt status, or the equalized value resulting from equalization thereof by the county board of commissioners or the state tax commission. Service of the petition on the respondent shall be by certified mail to the assessor of that governmental unit." MCL 205.735(3); MSA 7.650(35)(3).

In *Sisbarro v City of Fenton,* 90 Mich App 675, 679; 282 NW2d 443 (1979), this Court reviewed the legislative history of this statutory provision and concluded:

"Therefore, it is evident that the first sentence of subsection (3) was intended to give property owners approximately 30 days in which to challenge their assessments after final equalization. All other matters, including special assessments, continue to be governed by the 30-day limitation."

On appeal petitioner argues that the statutory filing deadline of June 30 should be excused in the present case because respondent failed to notify petitioner of its adverse decision until October 27, 1980. However, even accepting petitioner's assertions that written notification was required and that the June 30 deadline was not mandatory, we find no error in the decision of the Tax Tribunal. It remains undisputed that petitioner did receive actual notice of the denial of the protest on October 27, 1980. Petitioner's petition was not filed until December 15, 1980, 49 days after receipt of this notification. We find no error in the tax tribunal's ruling that the petition was not timely filed. It clearly exceeded the 30-day period intended by the statute.

The decision of the Tax Tribunal is affirmed.