KELSER v DEPARTMENT OF TREASURY

Docket No. 101190. Submitted February 2, 1988, at Lansing. Decided March 7, 1988.

Gregory Kelser was issued a notice of final assessment for income tax deficiencies on March 12, 1986. On April 1, 1986, Kelser's attorney wrote to the Deputy Revenue Commissioner requesting a redetermination. On April 29, 1986, Kelser sent a letter to the clerk of the Tax Tribunal requesting an appeal of his assessment. On May 29, 1986, the Department of Treasury sent Kelser a notice that the petition was defective. On June 11, 1986, Kelser refiled his petition with the Tax Tribunal. The Tax Tribunal granted summary disposition in favor of the Department of Treasury on the ground that Kelser's petition was untimely and the Tribunal did not have subject matter jurisdiction. Kelser appealed.

The Court of Appeals *held:*

1. The Tribunal's finding that Kelser received notice of his right to appeal was supported by competent and substantial evidence.

2. Kelser did not appeal within the thirty days allowed for filing an appeal.

Affirmed.

1. TAXATION — FACT FINDINGS — TAX TRIBUNAL.

The factual findings of the Tax Tribunal are final if supported by competent and substantial evidence.

2. TAXATION — APPEAL — TIMELINESS.

A taxpayer aggrieved by an assessment by the Department of Treasury may appeal to the Tax Tribunal within thirty days of the determination which he seeks to review (MCL 205.22, 205.735; MSA 7.657[22], 7.650[35]).

*Gregory J. Reed,* for Gregory Kelser.

REFERENCES

Am Jur 2d, State and Local Taxation §§ 603-605, 784.

See the annotations in the Index to Annotations under Appeal and Error; Income Taxes; and Taxes.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Thomas J. Kenny,* Assistant Attorneys General, for the Department of Treasury.

Before: BEASLEY, P.J., and G. R. McDONALD and J. P. JOURDAN,* JJ.

BEASLEY, J. Petitioner, Gregory Kelser, appeals as of right from an order[1] of the Michigan Tax Tribunal granting respondent's, Michigan Department of Treasury's, motion for summary disposition pursuant to MCR 2.116(C)(4) on the ground that the Tax Tribunal lacked jurisdiction. Petitioner had sought to appeal a $17,084.48 assessment for income tax deficiencies for the tax years 1981, 1982 and 1983.

On March 11, 1986, respondent issued a "Decision and Order of Determination and a Notice of Final Assessment" to petitioner. A certified mail return receipt signed by petitioner on March 12, 1986, reveals that he received the "Decision and Order of Determination and Notice of Final Assessment" from respondent on March 12, 1986. On April 1, 1986, petitioner's attorney sent a letter to Thomas M. Hoatlin, Deputy Revenue Commissioner, requesting a redetermination of the tax assessment. On April 29, 1986, petitioner sent a letter to the clerk of the Tax Tribunal requesting an appeal of the assessment. On May 29, 1986, respondent sent petitioner a notice stating that the petition was defective. On June 11, 1986, petitioner refiled his petition with the Tax Tribunal.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] On October 27, 1986, the Tax Tribunal issued an order granting respondent's, Michigan Department of Treasury's, motion for summary disposition pursuant to MCR 2.116(C)(4). On March 20, 1987, the tribunal issued an order denying petitioner's motion for reconsideration. On May 18, 1987, the tribunal issued an order denying petitioner's motion for a rehearing. Petitioner appeals from the final order.

Respondent moved for and was granted summary disposition on the ground that the Tax Tribunal lacked subject matter jurisdiction due to petitioner's failure to file his petition timely.

On appeal, petitioner claims that respondent did not properly notify him of his right to appeal the tax assessment. MCL 205.21(2); MSA 7.657(21)(2) requires respondent to include with the final notice of assessment a statement advising the taxpayer of a right to appeal. Petitioner maintains that he never received a statement regarding the right to appeal. The Tax Tribunal found that petitioner did receive a statement advising him of his right to appeal. The factual findings of the Tax Tribunal are final if supported by competent and substantial evidence.[2] Respondent's uncontroverted affidavits asserting that a notice of assessment was sent to and, according to the postal receipt, received by petitioner, and that the form used at that time contained specific appeal information, constitute competent and substantial evidence to support the Tax Tribunal's findings.

Petitioner also claims the Tax Tribunal erred in granting respondent's motion for summary disposition on the ground that he failed to file his petition timely. A person aggrieved by a Department of Treasury tax assessment may appeal to the Tax Tribunal within thirty days of the determination which he seeks to review.[3] Here, respondent issued the assessment March 11, 1986. Accordingly, petitioner had until April 10, 1986, to file an appeal with the tax tribunal. Although petitioner sent a letter to respondent April 1, 1986, seeking a redetermination of the assessment, he did not contact

---

[2] *Antisdale v City of Galesburg,* 420 Mich 265; 362 NW2d 632 (1984); Const 1963, art 6, § 28.

[3] MCL 205.22; MSA 7.657(22), MCL 205.735; MSA 7.650(35).

the Tax Tribunal until April 29, 1986. Even then his correspondence failed to meet the technical requirements of a petition. It was not until June 11, 1986 that petitioner actually filed a petition with the Tax Tribunal. While petitioner may have graced the basketball court with many game-saving jump shots, in the tax court his attempt came after the final buzzer.

Affirmed.