*507
 
 Per Curiam.
 

 Petitioner, Florida Leasco, LLC, appeals as of right from the Tax Tribunal’s order dismissing its petition for lack of jurisdiction. The Tax Tribunal dismissed petitioner’s appeal as untimely because it was sent by certified mail within, but received one day after, the thirty-five-day deadline set by MCL 205.22(1). We reverse.
 

 This appeal presents an issue of statutory construction, which we review de novo.
 
 In re MCI Telecommunications Complaint,
 
 460 Mich 396, 413; 596 NW2d 164 (1999). The only statutory provision providing any guidance with regard to what constitutes a “filing” is MCL 205.735, which, in pertinent part, provided as follows at the time that petitioner filed its appeal in this case:
 
 [1]
 

 (2) The jurisdiction of the tribunal in an assessment dispute is invoked by a party .. . filing a written petition on or before June 30 of the tax year involved. Except in the residential property and small claims division, a written petition is considered filed by June 30 of the tax year involved if it is sent by certified mail on or before June 30 of that tax year. In the residential property and small claims division, a written petition is considered filed by June 30 of the tax year involved if it is postmarked by first-class mail or delivered in person on or before June 30 of the tax year involved. All petitions required to be filed or served by a day during which the offices of the tribunal are not open for business shall be filed by the next business day. In all other matters, the jurisdiction of the tribunal is invoked by a party in interest, as petitioner, filing a written petition within 30 days after the final decision, ruling, determination, or order that the petitioner seeks to review.
 

 
 *508
 
 This statutory section is ambiguous. The first three sentences, which speak of “an assessment dispute” and “the residential property and small claims division,” suggest that its terms are limited to property tax disputes, which are not at issue here. The fourth and fifth sentences, which speak of “all petitions” and “all other matters,” suggest that its application is more general, including the sales and use tax appeal at issue here.
 

 In any event, the second and third sentences of this section provide the only statutory indication available regarding when a “filing” occurs, i.e., in certain cases, when it is “sent by certified mail” or, in other cases, when it is “postmarked by first-class mail or delivered.” The specific question presented is whether the Legislature intended, through this ambiguously drafted section, that a filing would be effective, in
 
 any
 
 case, upon a certified mailing (the more stringent of the mailing options), rather than only upon an actual delivery.
 

 In amending the statute to allow these “filing by mailing” alternatives, the Legislature specifically stated that its intent was to “codif[y] the petition filing provisions of Rule 201 ... of the Michigan tax tribunal.” 1985 PA 95, § 2. Rule 201, as in effect in 1985, provided in relevant part that “[a] petition shall be considered filed when mailed by certified mail ... or when delivered in person,” for
 
 all
 
 matters, not just property tax matters. 1979 AC, R 205.1201. Appellee concedes that the 1985 amendments of the statute were enacted in response to
 
 General Motors Corp v Detroit,
 
 141 Mich App 630, 634; 368 NW2d 739 (1985), where our Court concluded that, in the absence of a statutory definition otherwise, “filing” occurs upon delivery rather than upon mailing.
 

 
 *509
 
 Because the statute is ambiguous, we may consider this enacted statement of legislative intent and this legislative history in its interpretation.
 
 Joe Panian Chevrolet, Inc v Young,
 
 239 Mich App 227, 234; 608 NW2d 89 (2000). We conclude that, in contrast to the decision in
 
 General Motors, supra,
 
 and consistent with the referenced Rule 201, the Legislature intended that filing would be effective, in any event, upon either a certified mailing or actual delivery of a petition to the Tribunal. Because appellant sent its petition by certified mail within the thirty-five-day deadline applicable here, the Tax Tribunal had jurisdiction over the appeal.
 
 [2]
 

 We reverse the order of the Tax Tribunal dismissing appellant’s petition.
 

 [1]
 

 The statute has since been amended by 2000 PA 165, effective June 20, 2000. We decide this appeal without reference to that amendment or appellant’s argument that it indicated the legislative intent behind the prior incarnation of the statute effective here.
 

 [2]
 

 In light of this conclusion, we need not consider whether the Tax Tribunal was equitably estopped from asserting that appellant’s petition was not timely filed.