ELECTRONIC DATA SYSTEMS CORPORATION v FLINT TOWNSHIP
ELECTRONIC DATA SYSTEMS CORPORATION v CITY OF TROY
ELECTRONIC DATA SYSTEMS CORPORATION v
BEUNA VISTA TOWNSHIP
ELECTRONIC DATA SYSTEMS CORPORATION v
CITY OF AUBURN HILLS

Docket Nos. 225610, 225681, 225682, 225683, 225684, 225686, 225687, 225688, 225689, 225690. Submitted September 17, 2002, at Detroit. Decided October 25, 2002, at 9:05 A.M. Leave to appeal sought.

Electronic Data Systems Corporation, by first-class mail sent on June 30, 1999, submitted petitions to the Tax Tribunal that challenged 1999 tax assessments levied by Flint Township, the city of Troy, Buena Vista Township, and the city of Auburn Hills on certain personal property of the petitioner. The Tax Tribunal, on its own motion, ruled that the petitions were untimely and dismissed the petitions for lack of jurisdiction. The Tax Tribunal subsequently denied the petitioner's motions for reconsideration or rehearing. The petitioner appealed in each case, and the Court of Appeals consolidated the appeals.

The Court of Appeals held:

1. MCL 205.735(2) provides: "The jurisdiction of the tribunal in an assessment dispute is invoked by a party in interest, as petitioner, filing a written petition on or before June 30 of the tax year involved. Except in the residential property and small claims division, a written petition is considered filed by June 30 of the tax year involved if it is sent by certified mail on or before June 30 of that tax year. In the residential property and small claims division, a written petition is considered filed by June 30 of the tax year involved if it is postmarked by first-class mail or delivered in person on or before June 30 of the tax year involved. . . ." Here, where the residential property and small claims division is not involved, the Tax Tribunal did not commit an error of law or adopt a wrong principle in determining that the petitions were untimely under the clearly and unambiguously worded statute inasmuch as the petitions were not sent by certified mail on or before June 30, 1999.

2. MCL 205.735(2) is a jurisdictional statute that governs when and how a petitioner invokes the jurisdiction of the Tax Tribunal. In the present cases, the Tax Tribunal did not err in raising the issue of lack of jurisdiction on its own. Defects in subject-matter jurisdiction cannot be waived and may be raised at any time. The lack of subject-matter jurisdiction is so serious a defect in the proceedings that a tribunal is duty-bound to dismiss a plaintiff's claim even if the defendant does not request it.

3. The powers of the Tax Tribunal are limited to those authorized by statute, and the Tax Tribunal does not have powers of equity. There is no merit to the petitioner's contention that the Tax Tribunal erred by refusing to exercise its equitable powers.

4. The Tax Tribunal fully considered the petitioner's motions for reconsideration or rehearing and did not fail to exercise its discretion in denying the petitioners' motions.

5. The requirement in MCL 205.735(2) of certified mailing of petitions not involving the residential property and small claims division does not violate substantive due process as guaranteed by US Const, Am XIV and Const 1963, art 1, § 17. The requirement is rationally related to the governmental interest of having a record of the date of the mailing because mailing is the event that invokes the jurisdiction of the Tax Tribunal.

6. MCL 205.735(2), in having different mailing requirements for petitioners in the residential property and small claims division and for all other petitioners, does not violate equal protection as guaranteed by US Const, Am XIV and Const 1963, art 1, § 2. The classifications created by the statute are not arbitrary or capricious and are rationally related to the legitimate governmental purpose of having different requirements for invoking the jurisdiction of the Tax Tribunal and the residential property and small claims division based on the amounts in controversy.

Affirmed.

TAXATION — TAX TRIBUNAL — ASSESSMENT DISPUTES — PETITIONS.

A mailing of a written petition invoking the jurisdiction of the Tax Tribunal in an assessment dispute not involving the residential property and small claims division is considered timely if it is sent by certified mail on or before June 30 of the tax year involved; an untimely mailed petition must be dismissed by the Tax Tribunal (MCL 205.735[2]).

*Butzel Long* (by *Carl Rashid, Jr., Clara DeMatteis Mager,* and *Joseph M. Rogowski, II*) for Electronic Data Systems Corporation.

*Peter Goodstein* for Flint Township.

*Lori Grigg Bluhm* for city of Troy.

*Secrest, Wardle, Lynch, Hampton, Truex and Morley* (by *Derk W. Beckerleg*) for city of Auburn Hills.

Before: WHITE, P.J., and NEFF and JANSEN, JJ.

JANSEN, J. In these consolidated appeals, petitioner appeals as of right from the Tax Tribunal's orders dismissing petitioner's claims for lack of jurisdiction. We affirm.

In 1999, the respondent municipal entities involved in these appeals assessed certain personal property of petitioner that it believed was in excess of half of the true cash value. Petitioner sought to appeal the assessments to the Tax Tribunal and mailed its tax appeal petitions on June 30, 1999, by first-class mail. The Tax Tribunal received the petitions and filing fees on July 2, 1999. All respondents subsequently filed answers to the petitions. On October 14, 1999, the Tax Tribunal entered identical orders of dismissal in each case, which state:

> The Tribunal, having reviewed the file in the above-captioned case, finds that the petition is untimely as it was not received by June 30 of the tax year involved or mailed by certified mail and postmarked on or before June 30 of the tax year involved as required by MCL 205.735. As such, the Tribunal has no jurisdiction of the property assessment(s) at issue, therefore,
>
> IT IS ORDERED that the case is DISMISSED.

Petitioner subsequently moved for reconsideration or rehearing. The Tax Tribunal denied petitioner's

motion in an order entered on February 14, 2000. Petitioner now appeals the Tax Tribunal's decision to dismiss on the basis that it lacked jurisdiction to consider petitioner's claims because the petitions were untimely.

The standard of review of the Tax Tribunal's decision is set forth in our state constitution:

> In the absence of fraud, error of law or the adoption of wrong principles, no appeal may be taken to any court from any final agency provided for the administration of property tax laws from any decision relating to valuation or allocation. [Const 1963, art 6, § 28.]

The statute at issue in this case, MCL 205.735(2), provides in pertinent part:

> The jurisdiction of the tribunal in an assessment dispute is invoked by a party in interest, as petitioner, filing a written petition on or before June 30 of the tax year involved. Except in the residential property and small claims division, a written petition is considered filed by June 30 of the tax year involved if it is sent by certified mail on or before June 30 of that tax year. In the residential property and small claims division, a written petition is considered filed by June 30 of the tax year involved if it is postmarked by first-class mail or delivered in person on or before June 30 of the tax year involved.

This case does not involve the residential property or small claims division; therefore, the written petition is filed by June 30 if it is sent by certified mail on or before June 30. In the present case, it is undisputed that petitioner mailed the petitions by first-class mail, not by certified mail, on June 30, 1999, and the Tax Tribunal received the petitions on July 2, 1999. Because the petitions were sent by first-class mail, in contravention of the clear statutory require-

ment, the Tax Tribunal considered the petitions to be filed on July 2, 1999, the date of receipt. The Tax Tribunal's decision in this regard is supported by 1999 AACS, R 205.1205(1), which states in pertinent part:

> An appeal, application for review, or any other proceeding is commenced by filing a petition with the tribunal within the time periods prescribed by statute. A petition filed with the entire tribunal shall be considered filed by June thirtieth of the tax year involved if it has been received by the tribunal by June thirtieth of the tax year involved or mailed by certified mail addressed to the tribunal on or before June thirtieth of the tax year involved.

Petitioner raises myriad arguments contending that the Tax Tribunal erred in determining that the petitions were filed untimely and dismissing the petitions for lack of jurisdiction; however, we find no error on the part of the Tax Tribunal. First, petitioner contends that the Tax Tribunal erred because its ruling is in contravention of our Supreme Court's ruling in *Pi-Con, Inc v A J Anderson Constr Co*, 435 Mich 375; 458 NW2d 639 (1990). There, the Court held that as long as the plaintiff sent timely notice that otherwise complied with the notice requirements of the public works bond act, MCL 129.207, and the plaintiff proved by a preponderance of the evidence that the defendant received timely notice, then the plaintiff's failure to send notice by certified mail would not preclude recovery on the bond. *Id.* at 378.

The rule of *Pi-Con* is not applicable to the present case because *Pi-Con* involved giving notice to a party under the public works bond act. The statute in the present case is not a notice statute, but is a jurisdictional statute that governs when and how a petitioner invokes the Tax Tribunal's jurisdiction. MCL

205.735(2) by its very terms—"[t]he jurisdiction of the tribunal . . . is invoked by a party in interest, as petitioner, filing a written petition on or before June 30 of the tax year involved"—is a jurisdictional statute. Both our Supreme Court and this Court have clearly stated that the time requirements contained in MCL 205.735(2) are jurisdictional in nature. *Szymanski v Westland*, 420 Mich 301, 305; 362 NW2d 224 (1984) (where the petitioners failed to file a petition with the Tax Tribunal within the time limit provided in MCL 205.735[2], and pointed to no other applicable provision granting them a longer time to do so, the Tax Tribunal was without jurisdiction to consider the petition and correctly dismissed it); *Aztec Air Service, Inc v Dep't of Treasury*, 253 Mich App 227; 654 NW2d 925 (2002) (MCL 205.735[2] governs the procedure for perfecting an appeal and invoking the jurisdiction of the Tax Tribunal); *Florida Leasco, LLC v Dep't of Treasury*, 250 Mich App 506, 509; 655 NW2d 302 (2002) (because the petitioner sent its petition by certified mail before the applicable thirty-five-day deadline, the Tax Tribunal had jurisdiction over the appeal); *Kelser v Dep't of Treasury*, 167 Mich App 18, 20-21; 421 NW2d 558 (1988) (the Tax Tribunal did not err in granting summary disposition to the respondent on the basis of the lack of subject-matter jurisdiction where the petitioner failed to timely file the petition); *Nomads, Inc v Romulus*, 154 Mich App 46, 52; 397 NW2d 210 (1986) (the Tax Tribunal did not err in ruling that the petition was not timely filed and that it was without jurisdiction to consider the petition); *Durkee Lakes Land Co v Clinton Twp*, 112 Mich App 595, 596-597; 316 NW2d 496 (1982) (the peti-

tioner's failure to timely file a petition deprived the Tax Tribunal of subject-matter jurisdiction).

To the extent that petitioner relies on *Paisley v Mullett Twp*, 4 MTTR 471 (1986), for the proposition that the statute is not jurisdictional, we are obviously not bound by a decision of the Tax Tribunal. Moreover, the Tax Tribunal's statements to the effect that the statute is not truly jurisdictional does not comport with the clear language of the statute itself and the holdings of our Supreme Court and this Court. We are obliged to follow the holding of *Szymanski, supra* at 305, in which the Court held that an untimely filing under MCL 205.735(2) deprived the Tax Tribunal of jurisdiction to consider the petition and that the petition was properly dismissed.

Petitioner also highlights the fact that the Tax Tribunal raised the issue of untimeliness on its own motion about 3½ months after the petition was received. There was nothing improper about the Tax Tribunal raising the issue of lack of jurisdiction on its own. Defects in subject-matter jurisdiction cannot be waived and may be raised at any time. *People v Erwin*, 212 Mich App 55, 64; 536 NW2d 818 (1995); *People v Richards*, 205 Mich App 438, 444; 517 NW2d 823 (1994). The lack of subject-matter jurisdiction is so serious a defect in the proceedings that a tribunal is duty-bound to dismiss a plaintiff's claim even if the defendant does not request it. *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 399; 651 NW2d 756 (2002). Indeed, having determined that is has no jurisdiction, a court should not proceed further except to dismiss the action. *Fox v Bd of Regents of the Univ of Michigan*, 375 Mich 238, 243; 134 NW2d

146 (1965), citing *Lehman v Lehman*, 312 Mich 102; 19 NW2d 502 (1945).

Here, the Tax Tribunal merely applied the clear and unambiguous language of the statute to the case before it. There was no error in construing and applying the statute as written; indeed the Tax Tribunal was required to do so. As *Pohutski v Allen Park*, 465 Mich 675, 683-684; 641 NW2d 219 (2002), pointed out:

> When faced with questions of statutory interpretation, our obligation is to discern and give effect to the Legislature's intent as expressed in the words of the statute. . . . We give the words of a statute their plain and ordinary meaning, looking outside the statute to ascertain the Legislature's intent only if the statutory language is ambiguous . . . . Where the language is unambiguous, "we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written.". . . . Similarly, courts may not speculate about an unstated purpose where the unambiguous text plainly reflects the intent of the Legislature. . . .
>
> When parsing a statute, we presume every word is used for a purpose. As far as possible, we give effect to every clause and sentence. "The Court may not assume that the Legislature inadvertently made use of one word or phrase instead of another." . . . Similarly, we should take care to avoid a construction that renders any part of the statute surplusage or nugatory. [*Id.* at 683-684.]

We reject petitioner's arguments that the Tax Tribunal gave a "hypertechnical" reading to the statute and that its construction and application of the statute is contrary to the spirit and purpose of the act. Our Supreme Court has made clear that where the statute is clear and unambiguous, as the statute is here with regard to filing a petition by certified mail, the statute must be applied as written and no further construc-

tion is required or permitted. *Id.* Therefore, the Tax Tribunal did not commit an error of law or adopt a wrong principle by applying a clearly and unambiguously worded statute to the case before it.

Petitioner also argues that it substantially complied with the statute by mailing the petition by first-class mail on June 30, 1999, rather than by certified mail and that the Tax Tribunal's requirement of certified mail rather than first-class mail is an elevation of form over substance. As respondents counter, however, the statute clearly and unambiguously requires that the petition be mailed by certified mail and that there is a material difference between certified and first-class mail.

Certified mail is defined as "uninsured first-class mail requiring proof of delivery." *Random House Webster's College Dictionary* (1997). The United States Post Office, in its Domestic Mail Manual, describes certified mail as:

> Certified mail service provides the sender with a mailing receipt, and a delivery record is maintained by the Postal Service. No record is kept at the office from which certified mail is mailed. No insurance coverage is provided. Certified mail is dispatched and handled in transit as ordinary mail.

It is evident that certified mail does two things that first-class mail does not: certified mail provides the sender with a mailing receipt and a record of delivery is maintained at the post office of address. These documents provide proof of mailing, while first-class mail provides no such proof, where the date of mailing the petition is crucial to establishing the date of filing and, therefore, invoking the Tax Tribunal's jurisdiction.

Moreover, the Legislature actually expanded the definition of filing in favor of petitioners in response to this Court's opinion in *General Motors Corp v Detroit*, 141 Mich App 630; 368 NW2d 739 (1985), in which this Court held that a petition must be received, not merely mailed, to be considered filed to invoke the jurisdiction of the Tax Tribunal. At the time, the statute only provided that petitions had to be filed by June 30 of the tax year. In response, the Legislature amended MCL 205.735 through 1985 PA 95 and specifically defined "filing" to include where a written petition is sent by certified mail on or before June 30 of the tax year. See *Florida Leasco, supra* at 508-509 (the Legislature intended that filing would be effective upon either a certified mailing or actual delivery of a petition to the Tax Tribunal). Because the Legislature permits the filing of a petition by mail and defines the date of filing as the date the petition is mailed, rather than received, the requirement that the petition be sent by certified mail is not merely form over substance. If the Tax Tribunal never received the petition, or received it very late, there is no proof of filing if the petition is sent by first-class mail and the Tax Tribunal would be susceptible to fraudulent claims that the petition was timely mailed, with no proof that it was. Certified mail protects all the parties and the Tax Tribunal because there is proof of mailing where the sender is given a receipt by the post office and a record of delivery is also kept at the post office.

Further, the Tax Tribunal did not err by "refusing" to exercise its equitable powers as petitioner maintains. The Tax Tribunal's powers are limited to those authorized by statute, MCL 205.732; *Federal-Mogul*

*Corp v Dep't of Treasury,* 161 Mich App 346, 359; 411 NW2d 169 (1987), and the Tax Tribunal does not have powers of equity, *id.* Thus, the Tax Tribunal does not have the authority to grant a request for a delayed appeal. *Curis Big Boy, Inc v Dep't of Treasury,* 206 Mich App 139, 142; 520 NW2d 369 (1994).

The Tax Tribunal did not fail to exercise its discretion by denying petitioner's motion for reconsideration or rehearing. In this regard, 1999 AACS, R 205.1247(4) provides:

> Failure of a party to properly prosecute the appeal, comply with the rules, or comply with an order of the tribunal is cause for dismissal of the appeal or for the scheduling of a default hearing for the respondent. Upon motion made within 21 days of the entry of the order as provided by R 205.1288, an order of dismissal may be set aside by the tribunal for reasons it deems sufficient.

The Tax Tribunal fully considered petitioner's motion for reconsideration or rehearing, found that petitioner had not demonstrated good cause to set aside the order of dismissal and explained why the petition was untimely. The fact that the Tax Tribunal did not grant the motion is not a ground for concluding that it failed to exercise its discretion.

Petitioner's additional argument that respondents will suffer no prejudice and that petitioner will be severely prejudiced if the petition is reinstated is of no consequence. The untimely petition meant that the jurisdiction of the Tax Tribunal was never invoked and, as previously stated, subject-matter jurisdiction can never be conferred by the parties, nor can defects in subject-matter jurisdiction be waived. Having failed to properly invoke the jurisdiction of the Tax Tribunal, petitioner's petition was properly dismissed.

Next, petitioner argues that if MCL 205.735(2) is upheld as a jurisdictional statute, then the certified mail requirement constitutes a deprivation of property without due process of law. We acknowledge respondents' argument that this issue is being raised for the first time on appeal. However, our Supreme Court has stated that, generally, agencies exercising quasi-judicial power do not undertake the determination of constitutional questions or have the power to hold statutes unconstitutional. *Wikman v Novi*, 413 Mich 617, 646-647; 322 NW2d 103 (1982). Therefore, because the Tax Tribunal does not have the power to determine whether a statute is constitutional, we will address the merits of the issue.

Petitioner argues that the statute violates the Due Process Clauses of the United States and Michigan Constitutions (US Const, Am XIV; Const 1963, art 1, § 17) because the certified mail requirement has no reasonable relation to a legitimate state purpose and is unreasonable, arbitrary, and capricious. Under both constitutional provisions, no one may be deprived of life, liberty, or property without due process of law. In this regard, petitioner's claim is one of substantive due process, the underlying purpose of which is to secure the individual from the arbitrary exercise of governmental power. *People v Sierb*, 456 Mich 519, 523; 581 NW2d 219 (1998). The test for substantive due process is whether the law is rationally related to a legitimate governmental purpose. *Syntex Laboratories v Dep't of Treasury*, 233 Mich App 286, 290; 590 NW2d 612 (1998).

The purpose of certified mailing is to provide a record of the date of mailing, because mailing is the event that invokes the jurisdiction of the Tax Tribu-

nal, and to prevent stale claims. First-class mail does not provide any receipt showing when the mail is actually mailed by the post office. Certified mail provides the sender with a receipt and, therefore, acts as a time stamp for the petition. When the Legislature amended the statute to allow for certified mail delivery of petitions, it was clearly a benefit for the taxpayer because it allows those who live far from Lansing not to have to file a petition in person. Further, allowing the date of mailing, rather than the date of receipt, to constitute the date of filing is clearly a benefit to the taxpayer by allowing additional time to file a petition. Sending the petition by certified mail also protects the Tax Tribunal from fraudulent claims that a petition was timely mailed because it is the post office that provides a receipt for the sender. In this regard, all the parties are better protected by the requirement of certified mail because if the petition is never received, the sender has a receipt to prove that a petition had been timely filed and the appeal will not be lost because of a failure of the post office to deliver the original petition.

Therefore, we conclude that the requirement that petitions be filed by certified mail does not violate substantive due process. There is no deprivation of property without due process where a petitioner is simply required to mail a petition by certified mail or deliver it in person. The Legislature's requirement that the petition be mailed by certified mail is rationally related to its interest in having a record or proof of when petitions are filed because mailing the petition invokes the jurisdiction of the Tax Tribunal. For the same reason, we cannot conclude that the statute is unreasonable, arbitrary, and capricious. Accordingly,

MCL 205.735(2) does not violate the Due Process Clauses of the federal and state constitutions.

Lastly, petitioner argues that if the statute is upheld as being jurisdictional, then it constitutes an unreasonable classification under the Equal Protection Clauses of the federal and state constitutions because the statute creates only one class of taxpayers that must use certified mail. We again note that this constitutional issue is being raised for the first time in this Court, but we will address the merits because the Tax Tribunal does not have the authority to determine constitutional questions.

The Equal Protection Clauses of the United States and Michigan Constitutions provide that no person shall be denied the equal protection of the law. US Const, Am XIV; Const 1963, art 1, § 2. "The essence of the Equal Protection Clauses is that the government not treat persons differently on account of certain, largely innate, characteristics that do not justify disparate treatment." *Crego v Coleman*, 463 Mich 248, 258; 615 NW2d 218 (2000). While the Equal Protection Clauses require that persons in similar circumstances be treated alike, those " 'things which are different in fact or opinion [are not required] to be treated in law as though they were the same.' " *El Souri v Dep't of Social Services*, 429 Mich 203, 207; 414 NW2d 679 (1987), quoting *Tigner v Texas*, 310 US 141, 147; 60 S Ct 879; 84 L Ed 1124 (1940). Thus, the Equal Protection Clauses do not prohibit the state from distinguishing between persons, but require that " 'the distinctions that are made not be arbitrary or invidious.' " *Crego, supra* at 259, quoting *Avery v Midland Co, Texas*, 390 US 474, 484; 88 S Ct 1114; 20 L Ed 2d 45 (1968).

There is no dispute here that the rational basis test applies. Under this test, the legislation will be upheld as long as the legislation is rationally related to a legitimate governmental purpose. *Crego, supra* at 259. To prevail under this standard, the challenger must show that the legislation is " 'arbitrary and wholly unrelated in a rational way to the objective of the statute.' " *Id.*, quoting *Smith v Employment Security Comm*, 410 Mich 231, 271; 301 NW2d 285 (1981).

The objective of the statute is to provide a means to invoke the jurisdiction of the Tax Tribunal, a reviewing agency. The purpose of requiring certified mail is to provide a record or proof of mailing, the act that invokes the jurisdiction of the Tax Tribunal. The statute does create two different classes: petitioners to the residential property and small claims division and all other petitioners. MCL 205.735(2). The residential property and small claims division has jurisdiction over claims involving residential property, any property where the taxable value or state equalized value in dispute is not more than $100,000, or any dispute involving an amount of the tax in dispute of $6,000 or less. MCL 205.762(1). With respect to the residential property and small claims division, the petitioner filing a written petition by June 30 of the tax year involved invokes jurisdiction. The petitioner filing in the residential property or small claims division can file either in person or by first-class mail. MCL 205.735(2).

Petitioner does not claim that the classes of petitioners themselves are arbitrary or violative of the Equal Protection Clauses. Rather, petitioner argues that creation of the categories of taxpayers filing by certified mail and taxpayers filing by first-class mail

results in an arbitrary classification that is not reasonably related to a legitimate governmental purpose. Respondents note that distinctions based on the amount of controversy are commonplace and also jurisdictional. For example, there is a small claims division within each district court with jurisdiction over controversies in which the recovery amount would not exceed $3,000, MCL 600.8401, and jurisdiction of the district courts is set at amounts not exceeding $25,000, MCL 600.8301. Similarly, in the residential property and small claims division of the Tax Tribunal, this division has jurisdiction over cases where the tax amount is less than the other cases.

The fact that the statute creates a class of petitioners that may file by first-class mail (small claims division) and a class of petitioners that may file by certified mail (all other claims) is not arbitrary and capricious. On the basis of the amount in controversy, where an appeal to the Tax Tribunal (not the small claims division) could have a very significant financial effect on the taxing unit, it is reasonable to require that a filing be done by certified mail, which provides a receipt to the sender and proof of delivery at the post office. Certified mailing protects against fraudulent claims that filings were timely because there is written proof from the post office regarding when the petition was filed. Further, certified mailings protect the parties from stale claims and protect petitioners if the petition is not actually delivered.

We conclude that MCL 205.735(2) is not unconstitutional because it survives the rational basis test under the Equal Protection Clauses. It is legitimate for the Legislature to require proof of mailing because the act invokes the jurisdiction of the Tax Tribunal, and,

as we have set forth, proof of mailing protects all the parties involved in the action. Therefore, the statute is rationally related to a legitimate governmental purpose.

Accordingly, petitioner has not shown that the Tax Tribunal's decision to dismiss the petitions for lack of jurisdiction is fraudulent, an error of law, or the adoption of a wrong principle and the decision is affirmed. Further, MCL 205.735(2) does not violate either due process or equal protection.

Affirmed.