*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BLUEWATER NATURAL GAS HOLDING, LLC,

        Petitioner-Appellant,

v

RAY TOWNSHIP,

        Respondent-Appellee.

FOR PUBLICATION
October 30, 2025
11:23 AM

No. 373788
Tax Tribunal
LC No. 23-003680

Before: SWARTZLE, P.J., and ACKERMAN and TREBILCOCK, JJ.

TREBILCOCK, J.

As the result of an alleged data-entry error, respondent, Ray Township, substantially undervalued petitioner, Bluewater Natural Gas Holding, LLC's, personal property for the 2022 tax year. On the Township assessor's initiative, the local board of review determined that the mistake constituted a qualified error under MCL 211.53b and approved its correction. Bluewater appealed that approval to the Michigan Tax Tribunal several months later, after it learned of the exact—and considerable—amount of delinquent-personal-property taxes it owed as a result of the change. Determining that Bluewater failed to timely invoke its jurisdiction under MCL 205.735a(6), the Tribunal dismissed the petition. On appeal, Bluewater challenges this dismissal on jurisdictional and due-process grounds, raising arguments primarily rooted in its interpretation of the qualified-error statute, MCL 211.53b. For the reasons set forth below, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying this appeal are not in dispute. Bluewater owns certain personal property located within the Township (the "Personal Property"). In early 2022, Bluewater submitted a personal-property-tax-related filing to the Township assessor's office, calculating the Personal Property's assessed value for the 2022 tax year at $18,790,126. Because of a data-entry error by the Township assessor, however, the Township identified the Personal Property's assessed value as $5,732,300, which substantially reduced the amount of taxes Bluewater paid relative to

the Personal Property for that tax year. After learning of the error, the Township assessor submitted the issue to the Board of Review ("BOR") for correction.

The BOR approved the qualified error on July 18, 2023. The same day, it issued a change notice (the "Change Notice") to Bluewater explaining it had adjusted the Personal Property's assessed and taxable values for 2022—from $5,732,300 to $18,790,100—as the result of a "measurement/calculation error" under MCL 211.53b.[1] Notably, the Change Notice included the following language:

> The action of the July [BOR] may be appealed to the Michigan Tax Tribunal within 35 days after the final decision, ruling or determination. To appeal to the Michigan Tax Tribunal, file a petition with the [tribunal] that can be obtained from their website[.]

An affidavit, certified by three board members, accompanied the Change Notice (the "Affidavit") and identified the reason for the changes as a "Qualified Error."

Several months later, in a notice dated October 25, 2023 (the "Underpayment Notice"), the Macomb County Treasurer's Office notified Bluewater of the amount it owed in delinquent taxes as a result of the BOR's increase in the Personal Property's taxable value, as well as the deadline to become current without interest or penalty. Bluewater paid the delinquent tax amount in early November 2023, and, later that same month, filed a one-count petition in the Tax Tribunal challenging the BOR's modification of the 2022 Personal Property assessment. In response to the Township's assertion that the Tax Tribunal lacked jurisdiction because the petition was untimely, Bluewater ultimately moved to amend its petition to address the timeliness issue and add a due-process claim.

The Tax Tribunal granted Bluewater's motion to amend but simultaneously dismissed the petition for lack of jurisdiction. In so doing, the Tribunal concluded the Change Notice set forth the final decision triggering MCL 205.735a(6)'s 35-day petition-filing deadline, and not the Underpayment Notice as Bluewater asserted. And it emphasized that Bluewater did not claim it never received the Change Notice—which notice, in the Tribunal's view, properly apprised Bluewater of its "appeal rights." This appeal followed.

---

[1] Although our Legislature has amended MCL 211.53b several times in the last few years, the statute has, at all relevant times, defined "qualified error" to include "[a]n error of measurement or calculation of the physical dimensions or components of the real property being assessed." MCL 211.53b(8)(d), as amended by 2020 PA 206 (Effective October 15, 2020); MCL 211.53b(6)(d), as amended by 2022 PA 141 (Effective July 11, 2022); MCL 211.53b(6)(d), as amended by 2023 PA 152 (Effective October 19, 2023); MCL 211.53b(6)(d), as amended by 2023 PA 191 (Effective November 7, 2023).

## II. ANALYSIS

## A. TRIBUNAL DISMISSAL FOR LACK OF JURISDICTION

Bluewater first claims the Tax Tribunal erred by dismissing its petition for lack of jurisdiction. In this regard, the parties do not challenge whether the tribunal had statutory authority to hear Bluewater's challenge to the qualified-error approval,[2] nor that Bluewater's ability to invoke such jurisdiction was limited by a 35-day filing deadline set forth in MCL 205.735a(6). Instead, they only dispute whether Bluewater timely invoked the tribunal's jurisdiction, such that the tribunal's dismissal was appropriate.

"Review of decisions by the Tax Tribunal is limited." *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 527; 817 NW2d 548 (2012). "In the absence of fraud, error of law or the adoption of wrong principles, no appeal may be taken to any court from any final agency provided for the administration of property tax laws from any decision relating to valuation or allocation." *Id*., quoting Const 1963, art 6, § 28 (quotation marks omitted). Thus, when analyzing whether the tribunal "properly interpreted and applied the statutes governing its jurisdiction," as at issue here, "this Court's review is limited to determining whether the Tax Tribunal committed an error of law in its interpretation and application of the statutes." *New Covert Generating Co, LLC v Cover Twp*, 334 Mich App 24, 45; 964 NW2d 378 (2020). This Court reviews questions of law— including questions of statutory interpretation and the Tax Tribunal's jurisdiction to hear a case— de novo. *Strata Oncology, Inc, v Dep't of Treasury*, 348 Mich App 378, 387; 18 NW3d 367 (2023). Under de novo review, appellate courts "review the legal issue independently, without required deference to the courts below." *Wright v Genesee Co*, 504 Mich 410, 417; 934 NW2d 805 (2019).

The Legislature created the Tax Tribunal as a quasi-judicial agency with exclusive jurisdiction over various proceedings involving Michigan's property-tax laws. MCL 205.721(1) and MCL 205.731. The tribunal's jurisdiction is statutory in nature. *Strata Oncology, Inc*, 348 Mich App at 387. Absent statutory authority, it "lacks subject-matter jurisdiction and 'should not proceed further except to dismiss the action.' " *Id*., quoting *Electronic Data Sys Corp v Flint Twp*, 253 Mich App 538, 544; 656 NW2d 215 (2002). This is so because "[t]he lack of subject-matter jurisdiction is so serious a defect in the proceedings that a tribunal is duty-bound to dismiss a plaintiff's claim even if the defendant does not request it." *Electronic Data Sys Corp*, 253 Mich App at 544.

---

[2] This Court has previously recognized that our Legislature provided the Tax Tribunal "with the general authority to hear appeals from final decisions of boards of review." *New Covert Generating Co, LLC v Cover Twp*, 334 Mich App 24, 52; 964 NW2d 378 (2020), citing MCL 205.703(a) (defining agency to include boards of review) and MCL 205.731(a) (granting the tribunal exclusive jurisdiction over proceedings involving, in relevant part, the direct review of an agency's final decision, finding, ruling, determination, or order regarding an assessment or valuation under Michigan's property tax laws).

Resolution of this appeal involves statutory interpretation. "The goal of statutory interpretation is to discern and give effect to the Legislature's intent," the best indicator of which is "the language of the statute itself." *New Covert Generating Co, LLC*, 334 Mich App at 51 (citation omitted). "If the statute is unambiguous, this Court must assume that the Legislature intended the meaning clearly expressed and must enforce the statute as written." *Id*. "When considering the correct interpretation, the statute must be read as a whole," *Mich Props, LLC*, 491 Mich at 528, and "[i]ndividual words and phrases, while important, should be read in the context of the entire legislative scheme," *id*. Moreover, under *in pari materia*, "statutes that relate to the same subject or that share a common purpose should, if possible, be read together to create a harmonious body of law." *Sixarp, LLC v Byron Twp*, ___ Mich ___, ___; ___ NW3d ___ (2025) (Docket No. 166190); slip op at 11 (quotation marks and citations omitted).

MCL 205.735a(6) provides, in relevant part, that "the jurisdiction of the tribunal is invoked by a party in interest, as petitioner, filing a written petition within 35 days after the final decision, ruling, or determination." In our view, a reading of the substantive claims Bluewater raised in its amended petition plainly demonstrates that the "final decision, ruling, or determination" over which Bluewater sought review in the Tax Tribunal was the BOR's July 18, 2023 qualified-error approval. Through that approval, the BOR determined that a qualified error occurred and the necessary valuation changes accompanying the correction of that error—not the amount of Bluewater's tax obligations, which would be later determined by the County. While Bluewater's petition included notice arguments relative to the resulting tax underpayment, its substantive claims and requested relief related only to *whether the assessor's undervaluation of the Personal Property constituted a qualified error under MCL 211.53b*, not the accuracy of the County's ultimate calculation of the tax underpayment resulting from the qualified-error approval. Indeed, despite Bluewater's claims to the contrary, the amount of the resulting tax underpayment was irrelevant to its substantive allegations and requested relief.

Accordingly, under the clear and unambiguous language of MCL 205.735a(6), *New Covert Generating Co, LLC*, 334 Mich App at 51, Bluewater needed to file its petition by August 22, 2023—35 days after the BOR approved the qualified error at its July meeting—to timely invoke the tribunal's jurisdiction. Because Bluewater undisputedly failed to do so, the Tax Tribunal lacked jurisdiction to consider its claims and properly dismissed the petition. See *Electronic Data Systems Corp*, 253 Mich App at 544 ("[H]aving determined that i[t] has no jurisdiction, a court should not proceed further except to dismiss the action."). Although Bluewater does not claim that the tribunal should have exercised jurisdiction over the case regardless of the petition's timeliness, it bears noting that the Tax Tribunal has no power to do so. See, *id*. at 547-548 ("The Tax Tribunal's powers are limited to those authorized by statute, and the Tax Tribunal does not have powers of equity. Thus, the Tax Tribunal does not have the authority to grant a request for a delayed appeal.") (citations omitted).

Treating the BOR's July 18, 2023 approval as the final decision, ruling, or determination for purposes of MCL 205.735a(6) is consistent with this Court's other Tax Tribunal jurisdiction cases arising from board of review decisions in analogous contexts. See, e.g., *Grace Baptist Church of Gaylord v Bagley Twp*, unpublished per curiam opinion of the Court of Appeals, issued December 17, 2020 (Docket No. 352460), p 3 (considering a board of review's ruling at a

December meeting as a final decision, ruling, or determination for purposes of MCL 205.735a(6)).[3] Consider especially *Stilson v Clay Twp*, unpublished per curiam opinion of the Court of Appeals, issued October 11, 2018 (Docket No. 341679), pp 1-4, where this Court considered whether the Tax Tribunal had jurisdiction over an appeal of a July board of review's denial of the plaintiff-taxpayer's exemption claim. There, the plaintiff received written notice that the Township board of review would hear his tax-exemption application at its July meeting. *Id*. at 1-2. The board did so, ultimately denying the application, and it completed the required affidavit, certified by three board members, the same day. *Id*. The Township assessor, however, did not send the plaintiff notice of the board's denial until approximately two weeks later. *Id*. at 2. The plaintiff appealed the denial to the Tax Tribunal more than 35 days after the board's meeting, and the tribunal dismissed the appeal as untimely under MCL 205.735a. *Id*. at 2-4. In concluding the tribunal properly dismissed the appeal under MCL 205.735a(6), the *Stilson* Court found that the board of review rendered its final decision at the July meeting, and the plaintiff therefore had 35 days from that date to file his petition in the tribunal. *Id*. at 3-4. Notably, the *Stilson* Court interpreted the "relevant consideration" for purposes of MCL 205.735a(6)'s 35-day limit as "when the decision was issued, not when a petitioner received the decision." *Id*. at 2.

Here, like in *Stilson*, the BOR made its decision—the qualified-error approval—at its July meeting. The BOR then completed the affidavit required under MCL 211.53b(1), which three board members certified the same day. The Affidavit identified the changes to the Personal Property's taxable and assessed values, as well as the source of the adjustment—a qualified error. Although it is unclear whether Bluewater received formal notice of the BOR's impending review of the Township assessor's qualified-error application relative to the Personal Property before the meeting, as had the plaintiff in *Stilson*, the record indicates that the assessor told a representative of Bluewater that the error would have to be corrected "at the board of review." And regardless, Bluewater makes no claim on appeal that it lacked advance notice of the BOR's qualified-error review; rather, it merely contends that it lacked notice of the exact amount of the resulting tax underpayment.

In arguing to the contrary, Bluewater insists its petition was timely because the Tax Tribunal should have calculated MCL 205.735a(6)'s jurisdictional filing deadline from the October 2023 Underpayment Notice, not the July 2023 Change Notice or Affidavit. In support, Bluewater directs our attention to the statute addressing the correction of qualified errors, MCL 211.53b(1), which provides, in relevant part:

> If there has been a qualified error, the qualified error must be verified by the local assessing officer and approved by the board of review. . . . If approved, the board of review shall file an affidavit within 30 days relative to the qualified error with the proper officials and all affected official records must be corrected. If the

---

[3] While not binding, we find the unpublished cases cited in this opinion instructive relative to the resolution of this issue. See *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017). ("Although MCR 7.215(C)(1) provides that unpublished opinions are not binding under the rule of stare decisis, a court may nonetheless consider such opinions for their instructive or persuasive value.").

qualified error results in an overpayment or underpayment, the rebate, including any interest paid, must be made to the taxpayer or the taxpayer must be notified and payment made within 30 days of the notice.

In circumstances where a qualified-error approval results in an underpayment, as occurred here, Bluewater interprets MCL 211.53b(1) as requiring the "local unit" to notify the taxpayer of the amount of, and repayment deadline for, the resulting tax obligation before MCL 205.735a(6)'s 35-day filing deadline can begin to run. This asserted connection between MCL 211.53b(1) and MCL 205.735a(6) essentially makes underpayment-related notice a condition precedent to a taxpayer's invocation of the Tax Tribunal's jurisdiction in circumstances such as those present here.

However, "[t]he best indicator of the Legislature's intent is the language of the statute itself. If the statute is unambiguous, this Court must assume that the Legislature intended the meaning clearly expressed and must enforce the statute as written." *New Covert Generating Co, LLC*, 334 Mich App at 51 (citation omitted). Neither the language of either statute, nor their surrounding statutory schemes, demonstrate a legislative intent for MCL 211.53b(1)'s underpayment-notice requirement to affect the Tax Tribunal's jurisdiction over a challenge to an underlying qualified-error approval. Indeed, MCL 211.53b's only mention of appeals to the Tax Tribunal occurs in subsection (4), which expressly applies to exemption-related qualified-error determinations inapplicable to the present case and does not set any timeframe to initiate such appeals. Moreover, immediately after the 35-day language upon which Bluewater relies, MCL 205.735a(6) indicates the Legislature intended to treat challenges to tax bills separately from valuation challenges: "An appeal of a contested tax bill shall be made within 60 days after mailing by the assessment district treasurer and the appeal is limited solely to correcting arithmetic errors or mistakes and is not a basis of appeal as to disputes of valuation of the property . . . ." This language undercuts Bluewater's claims that the exact amount of the tax underpayment was necessary or relevant to its challenge to the basis of the qualified-error approval—which disputed the Personal Property's *valuation*, not the County's calculation of the resulting tax underpayment.

Thus, a complete reading of each statute belies Bluewater's proposed interpretation. See *Christie v Wayne State Univ*, 511 Mich 39, 48; 993 NW2d 203 (2023) ("When considering the correct interpretation, the statute must be read as a whole and in a manner that ensures that it works in harmony with the entire statutory scheme.") (citation omitted). Contrary to Bluewater's assertions, MCL 211.53b(1)'s plain language merely demonstrates a legislative intent requiring taxpayer notice of any tax underpayment resulting from a board of review's qualified-error approval. For its part, MCL 205.735a(6) plainly gives a petitioner 35 days after a final decision, ruling, or determination to invoke the Tax Tribunal's jurisdiction, without regard for any accompanying notice. Bluewater does not point to any statutory language or other authority demonstrating that subsequent notice of a final decision, ruling, or determination has any bearing on the jurisdiction MCL 205.735a(6) grants the tribunal.

Bluewater contends, however, that neither the Change Notice nor Affidavit met MCL 205.735a(6)'s finality requirement because neither included the amount of the applicable tax underpayment, and its petition specifically challenged the October 2023 Underpayment Notice. In addition to having no discernible basis in the relevant statutory language, two other reasons point against Bluewater.

First, as mentioned, Bluewater's petition did not substantively challenge the County's calculation or imposition of the resulting tax underpayment and instead challenged the BOR's qualified-error approval under MCL 211.53b. While the amount of the tax underpayment necessarily flowed from the approval-related increases to the Personal Property's assessed and taxable values, there is no indication those values were subject to further change absent a successful challenge to the basis of the approval. Accordingly, the exact amount of the underpayment obligation and the deadline to pay the same were irrelevant to the merits of Bluewater's claims or the finality of the decision, ruling, or determination over which it sought tribunal review.

And second, asserting the BOR's qualified-error approval was not a final decision ignores that boards of review, like the July BOR at issue here, are public bodies subject to the Open Meetings Act ("OMA"), MCL 15.261 *et seq*, MCL 15.262(a), under which "[a]ll decisions of a public body must be made at a meeting open to the public," MCL 15.263(2), and "[d]ecisions of a public body shall be presumed to have been adopted in compliance with" the OMA's requirements, MCL 15.270. Bluewater does not claim, and nothing in the record suggests, that the July 18, 2023 BOR meeting here failed to comply with OMA requirements. Nor could Bluewater plausibly claim that the qualified-error approval occurred at a later date—under MCL 211.53b(1), boards of review responsible for analyzing qualified-error claims only meet twice a year, in July and December. Considering Bluewater filed its petition in November 2023, the BOR could only have made the qualified-error approval at the July 2023 meeting. Buttressing this conclusion are (1) the Change Notice, which states that the BOR made the relevant valuation adjustments under MCL 211.53b on July 18, 2023, and which expressly notified Bluewater of its appellate rights in the Tax Tribunal relative to those adjustments, and (2) the BOR Affidavit, which also identified the valuation adjustments, made as a result of a qualified error, and which was certified by three BOR members the same day as the meeting.

In sum, the "final decision, ruling, or determination" at issue was the BOR's July 18, 2023 qualified-error approval, and thus Bluewater had to file its petition in the tribunal within 35 days of that approval to properly invoke the tribunal's jurisdiction. MCL 205.735a(6). Because it failed to do so, the Tax Tribunal properly dismissed the case. *Electronic Data Systems Corp*, 253 Mich App at 544.

## B. DUE PROCESS

Bluewater next claims the tribunal's dismissal of its petition regarding "the Township's MCL 211.53b action" violated its due-process rights because it filed the petition "within 35 days of receiving notice of the tax increase resulting from the Township's action." According to Bluewater, MCL 211.53b(1) "expressly requires that the taxpayer receive notice of the amount of the tax increase" in order to comply with constitutional due-process safeguards. In its view, the Change Notice did not provide the taxpayer-specific notice required under MCL 211.53b(1); only the Underpayment Notice did. We disagree.

"Whether due process has been afforded is a constitutional issue that is reviewed de novo." *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich 265, 277; 831 NW2d 204 (2013). Again, under de novo review, appellate courts "review the legal issue independently, without required deference to the courts below." *Wright*, 504 Mich at 417.

"The United States and Michigan constitutions preclude the government from depriving a person of life, liberty, or property without due process of law." *Hinky Dinky Supermarket, Inc v Dep't of Community Health*, 261 Mich App 604, 605; 683 NW2d 759 (2004). "At a minimum, procedural due process requires notice and an opportunity to be heard in a meaningful time and manner." *Sixarp, LLC*, ___ Mich at ___; slip op at 17. "Procedural due process is a flexible concept, however, and determining what process is due in a particular case depends on the nature of the proceeding, the risks and costs involved, and the private and governmental interests that might be affected." *Id*. at 17-18. As relevant here, "[a] local board of review is required to provide constitutionally adequate notice in a manner that is consistent with due-process principles." *Spranger v City of Warren*, 308 Mich App 477, 483; 865 NW2d 52 (2014).

Bluewater notes the statute requires taxpayer notice of any tax underpayment resulting from a qualified-error approval, MCL 211.53b(1), but that does not create a sufficient due-process anchor for Bluewater because it, as previously explained, challenged the basis of the BOR's qualified-error approval and not the County's underpayment calculations. And, though only the October 2023 Underpayment Notice provided Bluewater notice of the exact amount of taxes owed as a result of the qualified-error approval, that information was irrelevant to the merits of the underlying BOR approval or Bluewater's ability to appeal it. By contrast, the July 2023 Change Notice and Affidavit each gave Bluewater notice of the BOR's substantial adjustment to the Personal Property's assessed and taxable values, as well as the basis for the adjustment— MCL 211.53b. What is more, the Change Notice stated the date of the BOR action; expressly notified Bluewater of its appellate rights relative to the BOR's decision; and provided Bluewater information and resources regarding how to so appeal in the Tax Tribunal. Notably, Bluewater does not deny receiving either document or claim any notice deficiency relative to the BOR's qualified-error approval other than that arising from its erroneous interpretation of MCL 211.53b(1)'s impact on these proceedings. Bluewater's arguments also ignore that the BOR is a public body and presumably (as Bluewater has not contended otherwise) provided notice of its July public meeting, at which Bluewater could have appeared and argued its position vis-à-vis the qualified error. It did not, for unknown reasons, and cannot now claim a due-process violation when it received all process due.

Considering all of this, Bluewater had notice of the BOR's qualified-error approval, its effect on the assessed and taxable values of the Personal Property, and the mechanism and deadline to appeal it. Bluewater also had the opportunity to have the tribunal hear its challenge to the basis of the approval, but it failed to avail itself of that opportunity.[4] Accordingly, the Tax Tribunal's dismissal of the case did not deprive Bluewater of its constitutional due-process rights. *Sixarp, LLC*, ___ Mich at ___; slip op at 17.

---

[4] Bluewater makes no claim that the existing tribunal-appeal structure deprives petitioners of the ability to be heard in a meaningful time and manner. *Sixarp, LLC*, ___ Mich at ___; slip op at 17.

## III. CONCLUSION

For the reasons set forth, we affirm.

/s/ Christopher M. Trebilcock
/s/ Brock A. Swartzle
/s/ Matthew S. Ackerman