*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOSEPH A. ADJWOK,

      Petitioner-Appellant,

v

DEPARTMENT OF TREASURY,

      Respondent-Appellee.

UNPUBLISHED
April 07, 2025
2:45 PM

No. 370383
Tax Tribunal
LC No. 24-000207

Before: BOONSTRA, P.J., AND LETICA AND RICK, JJ.

PER CURIAM.

Petitioner appeals by right the order of the Michigan Tax Tribunal (the Tax Tribunal) dismissing his petition as untimely. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On August 4, 2023, respondent sent petitioner a letter indicating that, after an audit, it was denying petitioner's Principal Residence Exemption (PRE) claim for his property in Ortonville for tax years 2021, 2022, and 2023. The letter indicated that petitioner had failed to answer a questionnaire and provide the "additional information" that respondent had requested. The letter contained the following statement: "**If you disagree with this denial, a written request for an informal conference <u>must</u> be received by Treasury within 35 days from the date you received this letter in order to preserve your appeal rights.**" On October 3, 2023, petitioner sent a letter requesting an informal conference. On October 30, 2023 respondent redenied petitioner's request as untimely. In its denial letter, respondent informed petitioner that the denial of the informal conference was its final decision on the matter under MCL 211.7cc(8), and that, under MCL 211.7cc(13), petitioner could appeal the decision to the Tax Tribunal by filing a petition within 35 days of the decision.

Petitioner filed a petition with the Tax Tribunal on January 13, 2024, arguing that respondent had never provided him with a questionnaire and that he did not receive any requests for additional information. The Tax Tribunal dismissed the petition, holding that it was untimely-filed. Petitioner moved for reconsideration, arguing that there was good cause for reconsideration

-1-

for the same reasons and because his request for an informal conference was late due to his out-of-town travel. The Tax Tribunal denied petitioner's motion. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews for an abuse of discretion the Tax Tribunal's decision to dismiss a petition for failure to comply with its rules or orders, *Grimm v Treasury Dep't*, 291 Mich App 140, 149; 810 NW2d 65 (2010), as well as its decision to deny reconsideration, *In re Ingham County Treasurer for Foreclosure*, 331 Mich App 74, 77; 951 NW2d 85 (2020). "The abuse-of-discretion standard recognizes that there will be circumstances in which there will be more than one reasonable and principled outcome, and selection of one of these principled outcomes is not an abuse of discretion." *Id.* " 'A court by definition abuses its discretion when it makes an error of law.' " *In re Ingham County Treasurer for Foreclosure*, 331 Mich App at 78, quoting *In re Waters Drain Drainage Dist*, 296 Mich App 214, 220; 818 NW2d 478 (2012). "This Court reviews de novo whether the Tax Tribunal erred as a matter of law when interpreting and applying statutes." *New Convert Generating Co, LLC v Twp of Covert*, 334 Mich App 24, 45; 964 NW2d 378 (2020).

## III. ANALYSIS

Petitioner argues that the Tax Tribunal erred by denying his motion for reconsideration. We disagree.[1] The Tax Tribunal has "considerable discretion in granting reconsideration to correct mistakes, to preserve judicial economy, and to minimize costs to the parties." *Kokx v Bylenga*, 241 Mich App 655, 659; 617 NW2d 368 (2000). "Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted." MCR 2.119(F)(3).

"A party bringing a motion for reconsideration must establish that (1) the trial court made a palpable error and (2) a different disposition would result from correction of the error." *Estate of Luckow v Luckow*, 291 Mich App 417, 426; 805 NW2d 453 (2011). " 'Palpable is defined as [e]asily perceptible, plain, obvious, readily visible, noticeable, patent, distinct, manifest.' " *Luckow*, 291 Mich App at 426, quoting *Stamp v Mill Street Inn*, 152 Mich App 290, 294; 393 NW2d 614 (1986).

---

[1] Petitioner, a *pro se* appellant, has not specifically challenged the Tax Tribunal's original denial of his petition on the grounds that it was untimely; rather, he primarily argues that the trial court should have reconsidered that decision in light of his motion. Because review of the Tax Tribunal's denial of petitioner's motion for reconsideration necessarily involves some consideration of whether the Tax Tribunal's original decision was correct, we will discuss the original decision to the extent necessary to resolve petitioner's claim of error on appeal. To the extent that petitioner challenges respondent's denial of his PRE claim on substantive grounds, those arguments are irrelevant in light of the Tax Tribunal's determination that it lacked jurisdiction over the petition. See *League of Women Voters of Mich v Secretary of State*, 506 Mich 561, 580; 957 NW2d 731 (2020).

MCL 205.735a "is part of a set of laws that govern the appeal of property-tax assessments in Michigan." *Spartan Stores, Inc v City of Grand Rapids*, 307 Mich App 565, 570; 861 NW2d 347 (2014). MCL 205.735a(6) provides in relevant part that the jurisdiction of the Tax Tribunal may be invoked by a party in a dispute over property tax assessment by "filing a written petition within 35 days after the final decision, ruling, or determination" of the assessing entity.

MCL 205.735a(7) establishes when a petition is considered filed:

(7) A petition is considered filed on or before the expiration of the time period provided in this section or by law if 1 or more of the following occur:

(a) The petition is postmarked by the United States postal service on or before the expiration of that time period.

(b) The petition is delivered in person on or before the expiration of that time period.

(c) The petition is given to a designated delivery service for delivery on or before the expiration of that time period and the petition is delivered by that designated delivery service or, if the petition is not delivered by that designated delivery service, the petitioner establishes that the petition was given to that designated delivery service for delivery on or before the expiration of that time period.

The timing requirements of MCL 205.735a(6) are jurisdictional. *Electronic Data Sys Corp v Twp of Flint*, 253 Mich App 538, 543-544; 656 NW2d 215 (2002). In other words, the Tax Tribunal's jurisdiction may only be invoked by a petition that complies with the timing requirements of MCL 205.735a(6). *Id.* The powers of the Tax Tribunal are derived from statute; the Tax Tribunal lacks powers in equity, including the ability to consider an untimely petition. *Id.*; see also *VanderWerp v Plainfield Charter Twp*, 278 Mich App 624, 634; 752 NW2d 479 (2008) ("The powers of the [Tribunal] are limited to those authorized by statute, and the [Tribunal] does not have powers of equity.") (Quotation marks and citation omitted).

"The lack of subject-matter jurisdiction is so serious a defect in the proceedings that a tribunal is duty-bound to dismiss a plaintiff's claim even if the defendant does not request it." *Electronic Data Sys Corp*, 253 Mich App at 544. "Moreover, the Tax Tribunal is at liberty to raise and decide the question of its own jurisdiction on its own motion and at any time." *Leahy v Orion Twp*, 269 Mich App 527, 532; 711 NW2d 438 (2006).

MCL 211.7cc governs the PRE, and provides in relevant part that a property owner may "appeal the denial of a claim of exemption to [respondent] within 35 days of receipt of the notice of denial." MCL 211.7cc(8). Such an appeal is conducted according to the provisions for an informal conference set forth in MCL 205.21. MCL 211.7cc(8). A property owner may appeal a final decision under MCL 211.7cc(8) to the Tax Tribunal within 35 days of that decision. MCL 211.7cc(13).

In this case, it is clear from the record that petitioner failed to request an informal conference within 35 days of respondent's denial of his PRE claim on August 4, 2023, and failed to file a petition with the Tax Tribunal within 35 days of either respondent's denial of his claim or its denial of his request for an informal conference. Respondent sent petitioner its denial of

petitioner's request for an informal hearing on October 30, 2023. Petitioner filed the petition on January 13, 2024, 75 days after respondent issued its final decision.[2] MCL 205.735a(6) clearly states the Tax Tribunal's jurisdiction is limited to petitions filed within 35 days of the final decision of respondent on issues involving property classification. See *Slis v Michigan*, 332 Mich App 312, 336; 956 NW2d 569 (2020) ("When statutory language is clear and unambiguous, we must apply the statute as written.").

The Tax Tribunal's jurisdiction is determined by statute. *Electronic Data Sys Corp*, 253 Mich App at 547-548. Petitioner filed the petition 75 days after the statutory deadline. Therefore, the Tax Tribunal was required to dismiss the petition as untimely under MCL 205.735a. *In re Ingham County Treasurer for Foreclosure*, 331 Mich App at 78. With respect to the motion for reconsideration, petitioner fails to identify a palpable error in the Tax Tribunal's decision to dismiss the petition. Although petitioner argues that the Tax Tribunal should have considered whether he had good cause for the delay in filing, the Tax Tribunal lacks equitable power, and it could not waive the statutory requirements of MCL 205.735a. *Electronic Data Sys Corp*, 253 Mich App at 547-548. The Tax Tribunal accordingly did not err by denying the petition or petitioner's motion for reconsideration. *Luckow*, 291 Mich App at 426.

Affirmed.

/s/ Mark T. Boonstra
/s/ Anica Letica
/s/ Michelle M. Rick

---

[2] Although the petition filed with the Tax Tribunal was signed and dated by petitioner with the date November 10, 2023, it was postmarked as delivered January 13, 2024, and the Tax Tribunal's records indicate that it was filed on that date. See MCL 205.735a(7)(a).